**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Michael BURTON, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 14, 2009.

Filed May 13, 2009.

Michael F. Giampietro, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., STEVENS, MUSMANNO, LALLY–GREEN, BENDER, PANELLA, DONOHUE, ALLEN and FREEDBERG, JJ.

OPINION BY FREEDBERG, J.:

¶ 1 Appellant Michael Burton appeals from the judgment of sentence of five to ten years imprisonment imposed following his conviction on the charge of possession with intent to deliver cocaine. Appellant contends that the trial court erred in denying his motion to suppress. Appellant's counsel filed a concise statement of the errors complained of on appeal as ordered by the trial court pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. However, the concise statement was filed one day beyond the deadline set by the trial court.

¶ 2 At the threshold, we are called upon to decide whether untimely filing of a Pa. R.A.P.1925 concise statement of the errors complained of on appeal results in waiver of all claims on appeal. We must determine whether the Supreme Court's adoption of Rule 1925(c)(3), effective July 25, 2007, supersedes prior caselaw which required a finding of waiver when an untimely statement of errors complained of on appeal was filed.

¶ 3 The decision of the Supreme Court in *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), established a bright-line rule for Rule 1925[1] compliance man-dating a finding of waiver of all issues on appeal in the event of non-compliance with Rule 1925. In *Commonwealth v. Butler*, 571 Pa. 441, 812 A.2d 631 (2002), the Supreme Court held that such waiver is automatic and applies regardless of whether the Commonwealth raises the waiver issue and regardless of whether the trial court issued an opinion addressing the issues on appeal.

¶ 4 In *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005), a case involving untimely filing of a Rule 1925 concise statement, the Supreme Court reaffirmed the bright-line rule of *Lord*, expressing disapproval of exceptions to the *Lord* rule. In *Castillo*, counsel for appellant filed an untimely 1925 concise statement. This Court held that it would address the issues raised in the untimely filed concise statement because the trial court had addressed the issues in its 1925 opinion. The Supreme Court reversed, based on *Lord* and *Butler*, holding that untimely filing of the 1925 concise statement resulted in waiver of all issues on appeal and mandates dismissal of the appeal.

¶ 5 Effective July 25, 2007, the Supreme Court adopted significant amendments to Rule 1925,[2] including a provision to reme-

---

1. Prior to July 25, 2007, Pa.R.A.P.1925 provided, in pertinent part, as follows:

    Rule 1925. Opinion in Support of Order
    (a) General Rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.
    (b) Direction to file statement of matters complained of. The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal

    no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

2. Effective July 25, 2007, Pa.R.A.P.1925 provides, in pertinent part, as follows:

    Rule 1925. Opinion in Support of Order

    \* \* \* \* \* \*

    (b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the

dy criminal defense counsel's failure to file a 1925 statement as ordered. That provision, contained in Rule 1925(c)(3), states as follows:

(c) Remand.—

(3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall re-

> appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> (1) *Filing and service.*—Appellant shall file of record the Statement and concurrently shall serve the judge. . . .
>
> (2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.
>
> (3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:
>
> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
>
> \* \* \* \* \* \*
>
> (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.
>
> (4) *Requirements; waiver.*—
>
> (i) The Statement shall set forth only those rulings or errors that the appellant intends to challenge.
>
> (ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.
>
> (iii) The judge shall not require appellant or appellee to file a brief, memorandum of

mand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Thus, contrary to the *Lord/Butler* bright-line rule, under the amended rule, the remedy now for failure to file a 1925 concise statement is remand to allow *nunc pro tunc* filing of the statement. *See Commonwealth v. Scott,* 952 A.2d 1190, 1192 (Pa.Super.2008) (". . . notwithstanding the

> law, or response as part of or in conjunction with the Statement.
>
> (iv) The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.
>
> (v) Each error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court; this provision does not in any way limit the obligation of a criminal appellant to delineate clearly the scope of claimed constitutional errors on appeal.
>
> \* \* \* \* \* \*
>
> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.
>
> (c) Remand.—
>
> (1) An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served.
>
> (2) Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion.
>
> (3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.
>
> \* \* \* \* \* \*

decisions in *Lord* and *Butler*, pursuant to the amended version of Rule 1925, the complete failure by counsel to file a Rule 1925(b) statement, as ordered, is presumptively prejudicial and clear ineffectiveness, and this Court is directed to remand for the filing of a Rule 1925(b) statement *nunc pro tunc* and for the preparation and filing of an opinion by the trial judge."). *See also Commonwealth v. McBride*, 957 A.2d 752, 756 (Pa.Super.2008) ("[c]ounsel's failure to file a statement as required under Rule 1925 deprived [a]ppellant of meaningful review of his appeal and constitutes *per se* ineffectiveness").

■ ¶ 6 Filing of a Rule 1925 concise statement when ordered is a "prerequisite to appellate merits review" and is "elemental to an effective perfection of the appeal." *Commonwealth v. Halley*, 582 Pa. 164, 870 A.2d 795, 800 (2005). Moreover, "the failure to file a Rule 1925(b) statement on behalf of a criminal defendant seeking to appeal his conviction and/or sentence, resulting in a waiver of all claims asserted on direct appeal, represents the sort of actual or constructive denial of assistance of counsel falling within the narrow category of circumstances in which prejudice is legally presumed." *Halley*, 870 A.2d at 801. It is clear that "the failure to perfect a requested direct appeal is the functional equivalent of having no representation at all." *Halley*, 870 A.2d at 801.

¶ 7 The Explanatory Note to revised Rule 1925 provides, in relevant part:

*Paragraph* (c)(3) This paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement.... Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is pre-

sumptively prejudicial and "clear" ineffectiveness. *See, e.g., Commonwealth v. Halley*, 582 Pa. 164, 172, 870 A.2d 795, 801 (2005); *Commonwealth v. West*, 883 A.2d 654, 657 (Pa.Super.2005). Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and per se, the court in *West* recognized that the more effective way to resolve such per se ineffectiveness is to remand for the filing of a Statement and opinion. *See West*, 883 A.2d at 657. The procedure set forth in *West* is codified in paragraph (c)(3). As the *West* court recognized, this rationale does not apply when waiver occurs due to the *improper* filing of a Statement. In such circumstances, relief may occur only through the post-conviction relief process and only upon demonstration by the appellant that, but for the deficiency of counsel, it was reasonably probable that the appeal would have been successful. An appellant must be able to identify per se ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate per se ineffectiveness is entitled to a remand. Accordingly, this paragraph does not raise the concerns addressed in *Johnson v. Mississippi*, 486 U.S. 578, 588–89 [108 S.Ct. 1981, 100 L.Ed.2d 575] (1988) (observing that where a rule has not been consistently or regularly applied, it is not—under federal law—an adequate and independent state ground for affirming petitioner's conviction.)

■ ¶ 8 The complete failure to file the 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Likewise, the untimely filing is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the

client's interest and waives all issues on appeal. Thus untimely filing of the 1925 concise statement is the equivalent of a complete failure to file. Both are *per se* ineffectiveness of counsel[3] from which appellants are entitled to the same prompt relief.

¶ 9 The view that Rule 1925(c)(3) does not apply to untimely 1925 concise statements would produce paradoxical results. The attorney who abandons his client by failing to file a 1925 concise statement would do less of a disservice to the client than the attorney who files a 1925 concise statement beyond the deadline for filing. Clients each victimized by *per se* ineffectiveness would be treated differently; the abandoned client would receive remand, "the more effective way to resolve such *per se* ineffectiveness,"[4] whereas the client whose lawyer files the 1925 concise statement late would be consigned to filing under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.*

■ ¶ 10 Rule 1925(c)(3) was adopted by the Supreme Court to avoid unnecessary delay in the disposition on the merits of cases which results from *per se* ineffectiveness of appellant's counsel. To accomplish the manifest purpose of the rule untimely filing of a 1925 concise statement ought to have no more severe consequence than a complete failure to file. Thus, if there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal. If the trial court did not have an adequate opportunity to do so, remand is proper.

■ ¶ 11 Our holding does not apply when there has been an improper filing of a concise statement. As explained in the Explanatory Note to the revised Rule 1925(c)(3), "[a]n appellant must be able to identify *per se* ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate *per se* ineffectiveness is entitled to remand." We simply hold that late filing of a 1925 statement constitutes such *per se* ineffectiveness. As further explained in the Explanatory Note, "this rationale does not apply when waiver occurs due to the *improper* filing of a Statement. In such circumstances, relief may occur only through the post-conviction relief process . . .".

¶ 12 We are mindful that Article V, § 10, of the Constitution of Pennsylvania vests the power to prescribe general rules of procedure in the Supreme Court of Pennsylvania. Our holding neither contradicts nor expands the plain language of 1925(c)(3). Rather, we treat the late filing of the 1925 concise statement as the equivalent of the failure to file such a statement.[5]

¶ 13 Remand is not necessary in this case because appellant's counsel has filed a Rule 1925 concise statement setting forth the alleged error, and the trial court has filed an opinion addressing the issue presented in the 1925(b) concise statement. Accordingly, we will consider the merits of the issue presented on appeal.

---

**3.** Rule 1925(b)(2) provides that on application and for good cause shown, the trial court is authorized to grant extensions of the time for filling and service of the 1925 concise statement. Thus, failure to file within the time ordered cannot be justified.

**4.** *See* Explanatory Note to Rule 1925(c)(3) *supra.*

**5.** Because this Court serves as the first, and usually the last, place of review of judgments of sentence and orders in collateral review proceedings, we are disinclined to create the prospect of more Post Conviction Relief Act proceedings where *per se* ineffectiveness of appellate counsel is evident of record.

¶ 14 Appellant sets forth the question presented for our review as follows:

Whether the lower court erred by denying the appellant's motion to suppress where police stopped him for a motor vehicle violation and subsequently conducted an inventory search of the vehicle he was driving without granting him the mandated 24 hour waiting period prior to towing the vehicle?

Brief of Appellant at 5.

¶ 15 The standard of review of a denial of a suppression motion as set forth in *Commonwealth v. Reppert,* 814 A.2d 1196, 1200 (Pa.Super.2002) (*en banc*) is:

... whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error. Our scope of review is limited; we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

*Reppert,* 814 A.2d at 1200 (internal citations and quotation marks omitted).

¶ 16 Applying this standard, the facts are as follows. On the afternoon of June 10, 2005, Officer Eric Riser and his partner, Officer Joseph Jacobs, were together on routine patrol in the area of 19th and Dauphin Streets in Philadelphia. At approximately 4:15 p.m., they observed a blue sedan bearing a Pennsylvania license plate without a registration sticker affixed to the license plate. As a consequence of this observation, the officers conducted a vehicle stop of the blue sedan. The blue sedan pulled over into the parking lane of 19th Street. Both officers approached the blue sedan; Officer Jacobs went to the driver's side while Officer Riser went to the passenger side. Appellant was the driver and lone occupant of the blue sedan. Officer Jacobs requested a driver's license, insurance and registration. Appellant produced identification, but not a driver's license.

¶ 17 The officers ran a computer check and discovered that there was an active Philadelphia Traffic Court arrest warrant, described by the officers as a "scofflaw warrant," for Appellant as a consequence of six outstanding tickets. The computer check also disclosed that Appellant was not a licensed driver. Police ultimately determined that Appellant was not the owner of the vehicle. Appellant was arrested on the outstanding warrant and placed in the rear of the patrol car. The officers called the parking authority so that the car could be towed. Because the car would be towed, Officer Riser conducted an inventory search of the vehicle. During that inventory search, Officer Riser observed a jacket in the trunk of the vehicle. Police asked Appellant if he wanted his jacket, and Appellant responded affirmatively. At that point, Officer Riser checked the jacket so that the jacket was deemed safe to return to Appellant. A baseball cap was in the sleeve of the jacket. A brown paper bag was inside the baseball cap. Officer Riser opened the bag and discovered 174 packets of cocaine. Appellant was charged with drug offenses including possession with intent to deliver.

■ ¶ 18 Initially, Commonwealth contends that Appellant cannot prevail on his challenge to the search because he failed to demonstrate a legitimate expectation of privacy in the area searched or items seized. On a motion to suppress, "in order to prevail, the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched."

*Commonwealth v. Perea,* 791 A.2d 427, 429 (Pa.Super.2002). The Commonwealth contends that Appellant failed to offer evidence that he had any cognizable interest in the vehicle; specifically, that the vehicle was not registered in Appellant's name, and Appellant proffered no evidence that he was using the vehicle with the permission of the registered owner. We agree.

¶ 19 The law relating to a defendant's standing and expectation of privacy in connection with a motion to suppress has been explained by our courts. A defendant moving to suppress evidence has the preliminary burden of establishing standing and a legitimate expectation of privacy. Standing requires a defendant to demonstrate one of the following: (1) his presence on the premises at the time of the search and seizure; (2) a possessory interest in the evidence improperly seized; (3) that the offense charged includes as an essential element the element of possession; or (4) a proprietary or possessory interest in the searched premises. A defendant must separately establish a legitimate expectation of privacy in the area searched or thing seized. *Commonwealth v. Hawkins,* 553 Pa. 76, 718 A.2d 265, 267 (1998); *Commonwealth v. Black,* 758 A.2d 1253, 1256–1258 (Pa.Super.2000); *Commonwealth v. Torres,* 564 Pa. 86, 764 A.2d 532, 542 (2001); *Perea,* 791 A.2d at 429. Whether defendant has a legitimate expectation of privacy is a component of the merits analysis of the suppression motion. *See Commonwealth v. Millner,* 585 Pa. 237, 888 A.2d 680, 691 (2005). The determination whether defendant has met this burden is made upon evaluation of the evidence presented by the Commonwealth and the defendant.

¶ 20 With more specific reference to an automobile search, this Court has explained as follows:

[G]enerally under Pennsylvania law, a defendant charged with a possessory offense has automatic standing to challenge a search. "However, in order to prevail, the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched."

> An expectation of privacy is present when the individual, by his conduct, exhibits an actual (subjective) expectation of privacy and that the subjective expectation is one that society is prepared to recognize as reasonable. The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is reasonable in light of all the surrounding circumstances:

Pennsylvania law makes clear there is no legally cognizable expectation of privacy in a stolen automobile. Additionally, this Court has declined to extend an expectation of privacy to an "abandoned" automobile.

*Commonwealth v. Jones,* 874 A.2d 108, 118 (Pa.Super.2005) · (internal citations omitted). In *Jones,* this Court held that the operator of a rental car did not have a privacy interest sufficient to challenge the constitutionality of a search of that rental car when the operator was not an authorized driver and the rental agreement had expired. In so holding, we said:

> Instantly, Officer Ulshafer effectuated a routine traffic stop of Appellant's automobile. Appellant does not challenge the validity of this stop. Officer Ulshafer approached Appellant and requested a driver's license and registration and insurance information. Appellant gave Officer Ulshafer a non-driver identification card from New York. The information on this card could not be verified through a computer check. Further, Appellant gave Officer Ulshafer a rental

agreement from Enterprise. An inspection of this agreement revealed that the return date had expired, Appellant was not the named lessee, the named lessee was not in the automobile, and Appellant was not authorized to drive the automobile.

Appellant and his passengers did not attempt to explain their connection to the authorized lessee of the automobile. Moreover, the passengers made inconsistent statements about various details concerning their out-of-state trip, which prompted Officer Ulshafer to ask Appellant for consent to search the vehicle. On these facts, Appellant cannot claim a reasonable expectation of privacy in the automobile. Further, Appellant's subjective expectation of privacy was not reasonable where he was the operator of a rental car but not the named lessee, was not an authorized driver, the named lessee was not present in the vehicle, Appellant offered no explanation of his connection to the named lessee, and the return date for the rental car had passed. Under these circumstances, we conclude the trial court properly denied Appellant's motion to suppress.

*Jones*, 874 A.2d at 119–120 (citations omitted).

¶ 21 In the instant case, the vehicle was not owned by Appellant. The vehicle was not registered in Appellant's name. Appellant offered no evidence that he was using the vehicle with the authorization or permission of the registered owner. Appellant offered no evidence to explain his connection to the vehicle or his connection to the registered owner of the vehicle. Appellant failed to demonstrate that he had a reasonably cognizable expectation of

privacy in a vehicle that he did not own, that was not registered to him, and for which he has not shown authority to operate.

■ ¶ 22 Even if Appellant had shown that he had a reasonably cognizable expectation of privacy in the vehicle, we reject his contention that the evidence obtained during the inventory search should have been suppressed. Appellant's sole contention is that the search violated 75 Pa. C.S.A. § 6309.2.[6] That statute provides for the immobilization, towing, and storage of vehicles driven by an operator without operating privileges or without valid vehicle registration. The statute provides 24 hours from the time of the immobilization for provision of proof of registration, financial responsibility, and evidence that the operator has complied with pertinent provisions of Title 42 and the Vehicle Code. Upon receipt of such proof, appropriate judicial authority may issue a certificate of release of the vehicle. Further, § 6309.2(b)(3) provides:

> If a certification of release is not obtained within 24 hours from the time the vehicle was immobilized, the vehicle shall be towed and stored by the appropriate towing and storing agent . . .

¶ 23 Appellant's sole contention[7] is that the immediate towing and inventory search violated § 6309.2 because the police were required to wait 24 hours before towing and taking the vehicle. We reject this argument because the statute is inapplicable to the facts in this case. This is not a case involving immobilization of a vehicle merely because of driving without operating privileges or lack of proper registration of the vehicle. Rather, Appellant

---

6. The statute was amended after the date of the search. We determine this case based on the statute as it existed when the search occurred.

7. Appellant has not claimed that an inventory search would not have been justified after 24 hours had passed or that the search was performed in an improper manner.

was placed under arrest on an outstanding warrant. In a case involving driving without operating privileges or proper registration of a vehicle, the legislature has chosen to afford operators and owners 24 hours to bring proof to a judicial authority that the vehicle is properly registered and that the operator is authorized to drive. In the instant case, because Appellant was arrested on an open warrant, the police did not know if or when the Appellant would be released from detention on the warrant. Further, at the time of the search, it was apparent that Appellant was not the owner of the vehicle; nor could he establish authorization to drive the vehicle. Under these circumstances, Appellant's reliance on § 6309.2 is misplaced. Thus, *Commonwealth v. Thurman*, 872 A.2d 838 (Pa.Super.2005) which he cites is not controlling.[8]

¶ 24 Judgment of sentence **AFFIRMED.** Jurisdiction **RELINQUISHED.**

¶ 25 President Judge FORD ELLIOTT, Judge MUSMANNO, Judge LALLY–GREEN, Judge BENDER, Judge PANELLA, Judge DONOHUE and Judge ALLEN all join the majority opinion.

¶ 26 Judge STEVENS files a concurring opinion.

¶ 27 Judge LALLY–GREEN files a concurring opinion in which Judge MUSMANNO, Judge PANELLA and Judge FREEDBERG join.

CONCURRING OPINION BY STEVENS, J.:

¶ 1 I disagree with the Majority Opinion's interpretation of newly-amended Pa. R.A.P.1925 permitting a criminal defense attorney's filing of an untimely court-ordered Rule 1925(b) statement. The result of the Majority's Opinion is that there is no longer a mandatory time limit for criminal defense attorneys to respond to a trial court's Rule 1925(b) order. In fact, the Majority's Opinion now gives defense criminal attorneys the power to unilaterally extend time requirements in filing Rule 1925(b) statements. Thus, the Majority's Opinion is an open invitation for attorneys to disregard the twenty-one day time limit expressly provided in the newly-amended Rule.

¶ 2 From a practical standpoint, there is now no consequence when a criminal defense attorney files a late statement. Although the statement in the case *sub judice* is only one day late, attorneys no doubt will begin to file statements whenever they choose, even well beyond the twenty-one day period. The delay in the administration of justice which will result from the late filings, as well as the unfairness to the *pro se* appellants, and to the Commonwealth, who must comply with the twenty-one day limit, and to appellants who properly seek an extension of time, is simply unacceptable. Those who follow the Rules will now be subservient to those who do not.

¶ 3 As *Castillo*[1] indicates, the central purpose of Rule 1925 is to have timely, consistent administration of the Rules. The Majority's Opinion does not further the goals set forth by our Supreme Court regarding the application of Rule 1925, and in fact, frustrates the goals.

¶ 4 As will be discussed *infra*, I specifically conclude (1) the bright-line waiver rules established in *Lord*,[2] *Castillo*, and

---

**8.** *See also Commonwealth v. Henley*, 909 A.2d 352 (Pa.Super.2006) (*en banc* ).

**1.** *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005).

**2.** *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998).

their progeny, have not been superseded by newly-amended Rule 1925; (2) the Majority's interpretation of newly-amended Rule 1925 does not comport with the Rules of Statutory Construction,[3] and in fact, contradicts, expands, and renders meaningless the plain language of Rule 1925; and (3) the Majority's Opinion is anything but "fair" and creates, not prevents, "paradoxical results."

¶ 5 Therefore, I would affirm Appellant Michael Burton's judgment of sentence on the basis his issues have been waived due to his defense counsel's obvious failure to file a timely court-ordered Rule 1925(b) statement. In particular, I find that newly-amended Rule 1925 does not supersede *Castillo*.

¶ 6 In *Lord*, regarding the pre-amended version of Rule 1925, our Supreme Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925(b). Specifically, the Supreme Court held that any issues not raised in a court-ordered Rule 1925(b) statement will be deemed waived on appeal. In so holding, the Supreme Court noted the following:

> The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

*Lord*, 553 Pa. at 419, 719 A.2d at 308.

¶ 7 Thereafter, in *Castillo*, our Supreme Court was called upon to reconsider its bright-line rule in *Lord* as it relates to the filing of untimely court-ordered Rule

---

**3.** 42 Pa.C.S.A. §§ 1901–1991.

**4.** When *Castillo* was decided, the prior version of Rule 1925 was in effect.

1925(b) statements.[4] Specifically, the Supreme Court considered whether courts have discretion to accept untimely filed Rule 1925(b) statements. In reaffirming the bright-line rule announced in *Lord*, the Supreme Court held that, when ordered to do so, an appellant must file a timely Rule 1925(b) statement and courts do not have the discretion to accept untimely filed statements. In so holding, the Supreme Court noted that:

> [T]he *Lord* ... rule remains necessary to insure trial judges in each appealed case the opportunity to opine upon the issues which the appellant intends to raise, and thus provide appellate courts with records amendable to meaningful appellate review. This firm rule avoids the situation that existed prior to *Lord* where trial courts were forced to anticipate which issues the appellant might raise and appellate courts had to determine "whether they could conduct a 'meaningful review' despite an appellant's failure to file a Pa.R.A.P.1925(b) statement or to include certain issues within a filed statement." Moreover, the system provides litigants with clear rules regarding what is necessary for compliance and certainty of result for failure to comply.

*Castillo*, 585 Pa. at 402, 888 A.2d at 779–80 (citation omitted). That is, the Supreme Court concluded that when an appellant, without explanation or leave of court, files an untimely Rule 1925(b) statement, the waiver of all claims on appeal is the appropriate remedy. The Supreme Court concluded that such a bright-line rule was necessary to guarantee predictable consequences for all litigants regarding the failure to file a timely statement,[5] placed a

---

**5.** Prior to *Castillo*, there was an inconsistency in the treatment of untimely filed Pa.R.A.P. 1925(b) statements. Some trial court judges would refuse to accept untimely filed state-

minor burden upon appellants, and focused the trial court's attention upon the drafting of beneficial Rule 1925(a) opinions.

¶ 8 Acknowledging that waiver for the filing of an untimely Rule 1925(b) statement appeared to be harsh, the Supreme Court accepted as a remedy "the ability of criminal defendants to seek relief by challenging the effectiveness of their counsel.... " *Castillo,* 585 Pa. at 402, 888 A.2d at 780. Moreover, the Supreme Court indicated that "the severity of the sanction is less burdensome due to the minimal requirements for compliance under Rule 1925(b) and the trial court's demonstrated willingness to grant extensions to proactive appellants prior to the expiration of the filing period." *Castillo,* 585 Pa. at 402–03, 888 A.2d at 780 (footnote omitted).

¶ 9 Subsequent to *Castillo,* under the pre-amended version of Rule 1925, the appellate courts did not hesitate to find all issues to be waived when an appellant filed an untimely Rule 1925(b) statement without leave of court. *See Commonwealth v. Hooks,* 921 A.2d 1199 (Pa.Super.2007) (indicating all issues are waived when an untimely Rule 1925(b) statement is filed; however, such untimeliness will be overlooked if the appellant did not receive proper notice of the order); *Commonwealth v. Williams,* 920 A.2d 887 (Pa.Super.2007) (noting that generally all issues are waived when an untimely statement is filed; however, legality of sentencing claims are an exception to the general rule); *Commonwealth v. Jackson,* 900 A.2d 936 (Pa.Super.2006) (extending *Castillo's* prohibition to untimely filed supplemental Rule 1925(b) statements without leave of court).

¶ 10 In the case *sub judice,* there is no doubt that, if Appellant were subject to the pre-amended version of Rule 1925, this Court would conclude that Appellant's untimely filed Rule 1925(b) statement results in waiver of all of his claims on appeal pursuant to *Castillo* and its progeny. However, as the Majority acknowledges, the amended version of Rule 1925, which became effective July 25, 2007, is applicable to the case *sub judice,* and the issue which this Court must resolve is whether *Castillo's* bright-line waiver rule has been superseded by newly-amended Rule 1925, at least as it relates to untimely statements filed by criminal defense attorneys. Contrary to the Majority, I conclude that *Castillo's* waiver rule remains valid under the recent amendments.

¶ 11 In examining the Explanatory Note and text of the amended Rule, I find no evidence that the Supreme Court intended to supersede its opinion in *Castillo.* First, if it intended to do so, the Supreme Court would have included in the Explanatory Note a clear reference to *Castillo* and the fact that untimely filed statements would no longer result in waiver of all claims on appeal. Instead, regarding remanding in criminal cases, the Supreme Court begins its Explanatory Note for Subdivision (c)(3) with the plain statement that "[t]his paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement." While the Supreme Court then makes reference to remanding when "no timely Statement" is filed and served, the Supreme Court cites to *Halley*[6] and *West,*[7] which discuss the

---

ments, and thus decline to draft an opinion addressing the merits of the issues presented in the untimely statements, while other trial court judges would accept the untimely filed statements and draft an opinion addressing the merits.

6. *Commonwealth v. Halley,* 582 Pa. 164, 870 A.2d 795 (2005).

7. *Commonwealth v. West,* 883 A.2d 654 (Pa.Super.2005).

complete lack of filing of a Rule 1925(b) statement.[8]

¶ 12 Moreover, the text of the newly-amended Rule continues to require appellants to file their court-ordered statements within a particular time period, which has been enlarged from fourteen to twenty-one days, and provides a procedure, which is to be followed if counsel desires an extension of time or requires relief *nunc pro tunc.* Subdivision (b)(3)(iv), regarding the contents of a trial court's order, expressly states that the trial court shall advise appellants in the Rule 1925(b) order that "any issue not properly included in the statement timely filed and served pursuant to subdivision (b) shall be deemed waived."

¶ 13 If the Supreme Court did not intend waiver to result in the face of an untimely filed statement, then it would have been unnecessary to include a time limit, procedures to be followed when faced with an inability to meet the time limit, and a warning to appellants that issues not included in a timely filed and served statement will result in waiver. By including these provisions, the Supreme

Court signaled its intent that the Pennsylvania courts strictly enforce the time limitations, which are set forth in the amended Rule. Simply put, to hold otherwise would render meaningless substantial portions of newly-amended Rule 1925(b). *See* 1 Pa. C.S.A. § 1921(a) ("Every statute shall be construed, if possible, to give effect to all of its provisions.").

¶ 14 Also, while I am mindful that Rule 1925(c) sets forth instances under which the appellate courts may remand a matter instead of finding waiver, I conclude that such remand is unnecessary when an appellant has clearly filed an untimely Rule 1925(b) statement without leave of court. Of particular relevance to this case are Subdivisions (c)(1) and (c)(3). Subdivision (c)(1) discusses the fact an appellate court may remand if there is a question as to whether a statement has been filed and/or served or timely filed and/or served.[9] Notably, in choosing the language for Subdivision (c)(1), the Supreme Court took steps to separately set forth the complete lack of filing from an untimely filing. Also, Subdivision (c)(3) explicitly indicates that:

**8.** Specifically, in *Halley,* the Supreme Court held that, in a post-conviction case, a petitioner need not demonstrate actual prejudice when seeking the reinstatement of his direct appeal rights due to counsel's ineffectiveness in failing entirely to file a court-ordered Pa. R.A.P.1925(b) statement on direct appeal. The Supreme Court held that the failure to file a statement constituted a constructive denial of counsel in that the direct appeal was not "perfected." Therefore, counsel was deemed to be *per se* ineffective such that the petitioner's direct appeal rights were reinstated without regard to the merits of the underlying substantive issues. Following *Halley,* in *West,* after counsel filed a petition seeking an extension of time, counsel failed to file any statement raising any issues. On direct appeal, the defendant alleged counsel was ineffective in entirely failing to file a Pa.R.A.P. 1925(b) statement. This Court concluded that counsel was *per se* ineffective such that the ineffectiveness claim could be addressed on

direct appeal and found the remedy to be a remand for the filing of a Pa.R.A.P.1925(b) statement. This Court indicated that "[t]he *Halley* rule applies only where counsel has completely failed to file a substantive Concise Statement, resulting in waiver of all issues." *West,* 883 A.2d at 658 (footnote and citation omitted).

**9.** In the case *sub judice,* based on the record before this Court, there is no question as to whether the Pa.R.A.P.1925(b) statement was untimely filed. Moreover, aside from indicating he attached a copy of the court-ordered Pa.R.A.P.1925(b) statement to his brief, Appellant has made no allegations and has provided no explanation regarding the untimely filing of his statement. Also, aside from noting the issue raised in Appellant's Pa.R.A.P. 1925(b) statement, the trial court has raised no concerns regarding the circumstances surrounding Appellant's untimely filing.

If an appellant in a criminal case was ordered to file a Statement and **failed to do so,** such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall **remand** for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

(emphasis added).

¶ 15 The clear, plain language of Subdivision (c)(3) anticipates the complete failure of appellant to file a Rule 1925(b) statement such that it is necessary to remand due to trial counsel being *per se* ineffective. Not only does the language "and failed to do so" support this conclusion, but the fact the remedy is a remand for the filing of a statement *nunc pro tunc* supports this conclusion. That is, if the Supreme Court intended untimely filed statements to fall within the purview of Subdivision (c)(3), it would not have stated the remedy as a "remand" for a statement, since a statement, albeit untimely filed, already exists. To hold otherwise would be to read a meaning and purpose into Subdivision (c)(3), which was not explicitly stated by the Supreme Court. *See* 1 Pa. C.S.A. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

¶ 16 In sum, prior to the pre-amended Rule, the appellate courts treated differently situations where criminal defense attorneys filed statements late and those where no statement was filed. While the Supreme Court clearly intended to relax the time limit under Rule 1925(b), I disagree that it intended to totally eliminate the time limit for certain litigants. Also, while I agree with the Majority that the Supreme Court intended to provide some leniency in adopting the amended Rule, I conclude this goal was achieved by enlarging the time period from fourteen to twenty-one days. I would find that neither the text nor the Explanatory Note to newly-amended Rule 1925 includes a clear mandate from our Supreme Court indicating that it intended to nullify *Castillo* or otherwise disregard waiver when an appellant files an untimely court-ordered Rule 1925(b) statement. As such, I disagree with the Majority reading such a result into the text of and Explanatory Note to newly-amended Rule 1925. *See Castillo*, 888 A.2d at 780 ("[W]e specifically voice our disapproval of prior decisions of the intermediate courts to the extent they have created exceptions to *Lord* and have addressed issues that should have been deemed waived.") (citations omitted).

¶ 17 Moreover, I conclude that *Castillo's* policy reasons for requiring waiver in the face of an untimely filed statement, without leave of court, remain viable, and I conclude the Majority's approach will create uncertainty and "paradoxical results" when it is applied to various waiver situations. The Majority has interpreted the twenty-one day time period to be discretionary in certain situations and has now held that, no matter when a criminal defense attorney responds to a court's 1925(b) order, the trial court is obligated to accept that statement as being timely filed and draft a Rule 1925(a) opinion. If the trial court does not accept the statement, then this Court will deem the statement to be timely and remand for the preparation of a Rule 1925(a) opinion. Such a holding causes an additional burden upon the trial court, will lead to judicial delay, and creates inconsistency for those appellants who follow the mandates of Rule 1925.

¶ 18 Regarding fairness and consistency, I note that, pursuant to the Majority's Opinion, when a criminal defense attorney files a late Rule 1925(b) statement, this Court is to overlook the untimeliness and

not find waiver because counsel is *"per se "* ineffective. However, such a theory would not apply when a criminal defendant is proceeding *pro se* on appeal or the Commonwealth files an appeal, and thus, waiver is the result for the *pro se* appellant's or Commonwealth's late filing.

¶ 19 Moreover, recently, in *Commonwealth v. Hopfer,* 965 A.2d 270 (Pa.Super.2009), a *pro se* criminal appellant filed a timely petition seeking an extension of time, and the trial court denied the petition. On appeal, this Court specifically held that, when an appellant timely files for an enlargement or extension of time within which to file his Rule 1925(b) statement, the trial court must explain why it finds that good cause was not shown before it may deny the request. Integral to our analysis was the conclusion that, if no good cause is shown, the trial court may properly deny the request and not accept a late Rule 1925(b) statement. Under such a scenario, an appellant, who is *pro se* or represented by counsel, attempting to comply with the mandates and time limits of Rule 1925(b), will be treated more harshly than a represented appellant who's criminal defense attorney does not seek an extension of time and just files a late statement, without leave of court.

¶ 20 In sum, I disagree with the Majority's interpretation of newly-amended Rule 1925. The Majority's holding harkens back to the time prior to *Castillo* when uncertainty and unfairness existed. The Supreme Court intended to continue to have a bright-line rule regarding timeliness, while creating a limited exception when defense counsel completely abandons his client by failing to respond in any manner to the trial court's Rule 1925(b) order. This result achieves the desired goals set forth by our Supreme Court, comports with the Rules of Statutory Construction, and leads to the most fair and just result. Therefore, for all of the reasons discussed *supra,* I would find Appellant's issues to be waived in the case *sub judice,* and I would affirm his judgment of sentence on this basis.

### CONCURRING OPINION BY LALLY–GREEN, J.:

¶ 1 I join the Majority's opinion with the following observations.

¶ 2 It would appear at first blush that this decision is in conflict with our Supreme Court's decision in *Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775 (2005). In *Castillo,* the Supreme Court ruled that an untimely concise statement results in waiver of all issues on appeal and mandates dismissal of the appeal.

¶ 3 Following the 2005 *Castillo* decision, the Supreme Court adopted extensive amendments to Rule 1925, particularly Pa. R.A.P.1925(c)(3). Thus, the Supreme Court adopted the amendments to Rule 1925 with an awareness of *Castillo* and its progeny. Under *Castillo* and new Rule 1925, where an appellant files a concise statement late or fails to file it at all, waiver still results. Thus, our resolution of *Burton* results in no conflict with *Castillo.* I also observe that waiver for not filing a concise statement is no different from waiver for filing an untimely concise statement. Simply stated, waiver is waiver no matter how it occurs.

¶ 4 Our decision in *Burton* provides a more flexible and efficient **remedy** when waiver under *Castillo* has occurred. This remedy does not unduly punish the appellant for counsel's lapse. This Court's focus, in waiver cases relating to concise statements, will be on whether the trial court had an adequate opportunity to prepare an opinion addressing the issues raised on appeal. If it did not, then the remand under Rule 1925(c)(3) is required. If it did, then a remand is not required as

it would be an unnecessary step in the appellate process.

¶ 5 Also, one may plausibly argue that new Rule 1925, and our interpretation of it, "waters down" the 21–day requirement to the point of meaninglessness. If counsel files the concise statement late, we will now presumably remand for additional Rule 1925 proceedings (if the court did not file a responsive opinion) or ignore the untimeliness (if the court wrote an opinion to this Court's satisfaction, as in the instant case).

¶ 6 What prevents counsel, or Commonwealth counsel who file criminal appeals, from playing "fast and loose" with the system?[1] To begin, counsel are reminded of their duty as officers of the court to abide by the trial court's orders. Willful disregard of a Rule 1925 order should not be tolerated. By extension, trial courts are reminded that sanctions are available for willful disregard of trial courts' Rule 1925 orders. Moreover, I note that counsel have a duty to "make reasonable efforts to expedite litigation consistent with the interests of the client." Pa. Rule of Professional Conduct 3.2. Ignoring a Rule 1925 order builds delay into the system, to the detriment of the client and the system as a whole. In short, counsel are to discharge ethically their duties to the tribunal and to their clients by abiding by the trial court's Rule 1925 orders.

¶ 7 With these observations, I join the Majority's opinion.

---

1. While most criminal appeals come from the defense, a limited number of appeals come from the Commonwealth.