J-A05040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MCNEELY | : | |
| | : | No. 1796 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence April 27, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004619-2016

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:         **FILED MARCH 26, 2018**

Appellant James McNeely appeals the judgment of sentence entered by the Court of Common Pleas of Delaware County after a jury convicted Appellant of tampering with physical evidence, resisting arrest, possession of cocaine, and possession of drug paraphernalia. Appellant challenges the trial court's denial of his suppression motion. We affirm.

On June 23, 2016, at approximately 2:15 p.m., Officers Steven Dougherty and Daniel Falkenstein of the Darby Borough Police Department stopped a 1999 Pontiac Grand Am, after a PennDot search revealed that the vehicle's registration was expired. After Officer Dougherty activated the lights and sirens on his patrol vehicle, the Pontiac pulled in a spot in the middle of the 1100 block of Chestnut Street, a one-way residential road with parking on

_____

* Former Justice specially assigned to the Superior Court.

both sides of the street. Officer Dougherty testified that the Pontiac was blocking the free flow of traffic on Chestnut Street.

Officer Dougherty approached the vehicle and observed Appellant sitting in the driver's seat and another individual seated next to him in the passenger seat. Appellant provided Officer Dougherty with a non-driver identification card. When asked to provide the vehicle's registration and proof of insurance, Appellant attempted to search the vehicle and appeared to have no knowledge of where these documents were located in the vehicle.

Once Officer Dougherty determined that neither Appellant nor his passenger had drivers' licenses and that Appellant had been driving a vehicle with an expired registration, he asked Appellant to exit the vehicle. Appellant complied with this direction, but now was unwilling to speak with the officer. When Officer Dougherty asked who owned the vehicle, Appellant pointed to himself and handed the officer the vehicle's title, which listed another individual's name. As Appellant reached for his waistband when he was directed to put his hands on the back of the vehicle, the officers patted Appellant down. The officers observed Appellant chewing something, directed him to spit the object out, but he refused to do so. Appellant refused to open his mouth and swallowed the object.

Appellant was arrested after a subsequent altercation with responding officers. The officers transported Appellant to Mercy Fitzgerald Hospital, suspecting that he may have swallowed an illicit substance to prevent its discovery. As Appellant's vehicle was blocking the free flow of traffic and its

ownership was unclear, the officers had the vehicle towed to the police headquarters. Thereafter, Officer Falkenstein conducted an inventory search of the vehicle and discovered a pink bag of cocaine under the driver's seat.

Appellant filed a motion to suppress the cocaine found in the vehicle. After a hearing on December 15, 2016, the trial court denied the motion, finding Appellant had no expectation of privacy in the vehicle and that the inventory search of the vehicle was justified under the circumstances. Appellant proceeded to a jury trial and was convicted of the aforementioned charges. On April 17, 2017, the trial court imposed an aggregate sentence of one to two years' imprisonment to be followed by three years of probation. This timely appeal followed.

Appellant solely challenges the trial court's decision to deny his motion to suppress the cocaine seized from the vehicle. Our standard of review in evaluating the denial of a suppression motion is as follows:

> [The] standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing such a ruling by the suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record....Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

**Commonwealth v. Bush**, 166 A.3d 1278, 1282 (Pa.Super. 2017), *appeal denied*, 176 A.3d 855 (Pa. 2017) (quoting **Commonwealth v. Eichinger**, 591 Pa. 1, 915 A.2d 1122, 1134 (2007) (internal citations omitted)).

As an initial matter, we evaluate the trial court's finding that Appellant had no expectation of privacy in the vehicle.

> The law relating to a defendant's standing and expectation of privacy in connection with a motion to suppress has been explained by our courts. A defendant moving to suppress evidence has the preliminary burden of establishing standing and a legitimate expectation of privacy. Standing requires a defendant to demonstrate one of the following: (1) his presence on the premises at the time of the search and seizure; (2) a possessory interest in the evidence improperly seized; (3) that the offense charged includes as an essential element the element of possession; or (4) a proprietary or possessory interest in the searched premises. A defendant must separately establish a legitimate expectation of privacy in the area searched or thing seized. Whether defendant has a legitimate expectation of privacy is a component of the merits analysis of the suppression motion. The determination whether defendant has met this burden is made upon evaluation of the evidence presented by the Commonwealth and the defendant.
>
> With more specific reference to an automobile search, this Court has explained as follows:
>
>> [G]enerally under Pennsylvania law, a defendant charged with a possessory offense has automatic standing to challenge a search. However, in order to prevail, the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched.
>>
>> An expectation of privacy is present when the individual, by his conduct, exhibits an actual (subjective) expectation of privacy and that the subjective expectation is one that society is prepared to recognize as reasonable. The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is reasonable in light of all the surrounding circumstances.
>>
>> Pennsylvania law makes clear there is no legally cognizable expectation of privacy in a stolen automobile. Additionally,

- 4 -

> this Court has declined to extend an expectation of privacy to an "abandoned" automobile.
>
> *Commonwealth v. Jones*, 874 A.2d 108, 118 (Pa.Super. 2005) (internal citations omitted).

*Commonwealth v. Burton*, 973 A.2d 428, 435 (Pa.Super. 2009) (some citations and quotation marks omitted). In *Burton*, the appellant was stopped for driving a license without a registration sticker. In affirming the denial of the appellant's suppression motion, this Court concluded that the appellant failed to demonstrate that he had a reasonable expectation in a vehicle that he did not own, that was not registered to him, and for which had not shown authority to operate.

Likewise, in the instant case, Appellant concedes that he does not own the vehicle and that the car was not registered in his name. He has neither attempted to offer any evidence that he was using the vehicle with the authorization of the owner, nor offered any explanation of his connection with the vehicle's owner. Therefore, Appellant failed to meet his burden of establishing a legitimate expectation of privacy in the vehicle he was driving.

Even assuming *arguendo* that Appellant did show he had a reasonable expectation of privacy in the vehicle, the drugs found in the vehicle were not subject to suppression as they were seized pursuant to a valid inventory search of the vehicle. Our Supreme Court has thoroughly set forth the law applicable to inventory searches:

> The Fourth Amendment to the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution, protect individuals from unreasonable searches and seizures. U.S. Const.

amend. IV; Pa. Const. art. 1, § 8. Generally, law enforcement must obtain a warrant prior to conducting a search; however, there are certain exceptions to the warrant requirement. *Commonwealth v. Petroll,* 558 Pa. 565, 575, 738 A.2d 993, 998 (1999). One such exception, and the one at issue in the case *sub judice,* is an inventory search. *South Dakota v. Opperman,* 428 U.S. 364, 369, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).

The purpose of an inventory search is not to uncover criminal evidence, but to safeguard items taken into police custody in order to benefit both the police and the defendant. *Commonwealth v. Nace,* 524 Pa. 323, 327, 571 A.2d 1389, 1391 (1990). In the seminal case of *Opperman, supra,* the high Court observed that inventory searches of impounded vehicles serve several purposes, including (1) protection of the owner's property while it remains in police custody; (2) protection of the police against claims or disputes over lost or stolen property; (3) protection of the police from potential danger; and (4) assisting the police in determining whether the vehicle was stolen and then abandoned. 428 U.S. at 369, 96 S.Ct. 3092.

An inventory search of an automobile is permissible when (1) the police have lawfully impounded the vehicle; and (2) the police have acted in accordance with a reasonable, standard policy of routinely securing and inventorying the contents of the impounded vehicle. *Opperman,* 428 U.S. at 375, 96 S.Ct. 3092. In *Commonwealth v. Henley,* the Pennsylvania Superior Court, citing *Opperman,* explained:

> In determining whether a proper inventory search has occurred, the first inquiry is whether the police have lawfully impounded the automobile, i.e., have lawful custody of the automobile. The authority of the police to impound vehicles derives from the police's reasonable community care-taking functions. Such functions include removing disabled or damaged vehicles from the highway, impounding automobiles which violate parking ordinances (thereby jeopardizing public safety and efficient traffic flow), and protecting the community's safety.

> The second inquiry is whether the police have conducted a reasonable inventory search. An inventory search is reasonable if it is conducted pursuant to reasonable

> standard police procedures and in good faith and not for the sole purpose of investigation.
>
> 909 A.2d 352, 359 (Pa.Super. 2006) (*en banc*) (citations omitted). A protective vehicle search conducted in accordance with standard police department procedures assures that "the intrusion [is] limited in scope to the extent necessary to carry out the caretaking function." *Opperman*, 428 U.S. at 375, 96 S.Ct. 3092.

*Commonwealth v. Lagenella*, 623 Pa. 434, 447–48, 83 A.3d 94, 102–03 (2013).

Pursuant to this case law, we first analyze whether the officers in this case lawfully impounded the vehicle. Section 6309.2 of the Vehicle Code provides that if an officer discovers either (1) an unlicensed driver operating a vehicle on a Pennsylvania road, or (2) a driver operating a vehicle with no valid registration, the officer is permitted to direct that the vehicle be towed and stored if the vehicle poses public safety concerns. 75 Pa.C.S.A. § 6309.2(a); *Lagenella*, *supra*.

In this case, Appellant provided non-driver photo identification, but could not produce a Pennsylvania driver's license. Appellant was driving a vehicle that had a registration that expired in 2016 and could not produce current registration information. Instead, Appellant gave the officers the title of the vehicle, which was listed in another individual's name. Appellant refused to speak with the officers and has never attempted to explain why he did not have any of the aforementioned information. The officers testified that Appellant's vehicle was stopped on a residential road and was blocking the

free flow of traffic. Therefore, the officers had the authority to impound the vehicle and conduct an inventory search.

In addition, Appellant does not argue that the police failed to conduct a reasonable inventory search when they recovered a pink bag of cocaine from underneath the driver's seat where Appellant was seated. As a result, we conclude that the officers conducted a constitutionally permissible inventory search of the vehicle.

Moreover, we reject Appellant's claim that he was entitled to the suppression of the evidence of the cocaine found in his vehicle as he alleges that the officers illegally attempted to search his mouth for contraband. Regardless of whether these allegations are true, Appellant concedes that the officers did not seize any evidence from his mouth. We need not determine whether the police were justified in allegedly searching Appellant's mouth, as we agree with the trial court's conclusion that the inventory search of Appellant's vehicle was an independent event authorized by decisional and statutory law.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/26/18