J-S55035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAMAR TATUM | : | |
| | : | |
| Appellant | : | No. 1788 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 4, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011556-2018

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                         **FILED JANUARY 22, 2021**

Appellant, Shamar Tatum, appeals from the aggregate judgment of sentence of three to six years of confinement followed by two years of probation, which was imposed after his conviction at a bench trial for: firearms not to be carried without a license; persons not to possess, use, manufacture, control, sell or transfer firearms; and resisting arrest.[1]   We affirm on the basis of the trial court opinion.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.   ***See*** Trial Court Opinion, dated

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6106(a)(1), 6105(a)(1), and 5104, respectively.

June 9, 2020, at 2-5. Therefore, we have no reason to restate them at length here.

For the convenience of the reader, we briefly note that, on August 15, 2018, Appellant was in "an area well-known for dangerous criminal activity, homicides, shootings, open-air drug trafficking, possession of weapons, and numerous citizen complaints to that effect." *Id.* at 6. Police officers observed what they immediately "believed to be a firearm in his pants." *Id.* These "officers knew from their firearms related arrest of Appellant weeks earlier that he was not licensed to carry a firearm or a person legally permitted to possess a firearm." *Id.* at 8. As soon as Appellant saw the officers, he fled. *Id.* at 9.

On December 4, 2019, Appellant filed this timely direct appeal. The trial court then entered the following order:

> **AND NOW**, to wit, this 8th day of January, 2020, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that counsel for Appellant is directed to file Concise Statement of Errors Complained of on Appeal pursuant to Rule of Appellate Procedure 1925(b) within 21 days from the receipt of all requested transcripts. Failure to file said pleading shall be deemed a waiver of all issues.

Order, 1/8/2020 (emphasis in original) ("Rule 1925(b) Order"). The order was entered on the docket on "01/08/2020." The docket also indicates that the order was served on Appellant's counsel that same day.

Appellant filed a concise statement of errors complained of on appeal.[2] The concise statement was entered on the docket on "02/24/2020." On the concise statement itself, the following text was printed in the upper right-hand corner:

Allegheny County Clerk of Courts Received 2/24/2020 10:56 AM

Allegheny County Clerk of Courts Filed 2/24/2020 10:56 AM

The certificate of service accompanying the concise statement lists the date as "February 24, 2020."

Appellant now presents the following issue for our review in his brief to this Court:

> Did the trial court err when it failed to suppress the evidence when the police officers had no reasonable suspicion to detain [Appellant] as an officer may not infer criminal activity without an objective basis for suspecting criminal activity?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Preliminarily, we must determine whether Appellant has preserved his issue for our review. On January 8, 2020, the trial court ordered Appellant to file a concise statement of errors complained of on appeal within 21 days of the date of the Rule 1925(b) Order's entry on the docket. Twenty-one days thereafter was January 29, 2020. Accordingly, Appellant's concise statement

---

[2] There is no indication in the record that Appellant requested an extension of time to file his concise statement upon receipt of the Rule 1925(b) Order. *See* Note to Pa.R.A.P. 1925(b)(2) ("An enlargement of time upon timely application might be warranted if, for example, there was a serious delay in the transcription of the notes of testimony or in the delivery of the order to appellate counsel." (citation omitted))

filed on February 24, 2020, was late, and consequently, we could find that he failed to preserve any challenges raised therein for our review. However, in *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*), this Court found that "[r]emand is not necessary [where] appellant's counsel has filed a Rule 1925 concise statement setting forth the alleged error, and the trial court has filed an opinion addressing the issue presented in the 1925(b) concise statement." Accordingly, this Court "consider[ed] the merits of the issue presented on appeal." *Id.* Analogously, we conclude that remand is not necessary in the current action, because Appellant's counsel has filed a Rule 1925 concise statement setting forth an alleged error. *Id.* The trial court likewise has filed an opinion addressing the issue presented in the Rule 1925 concise statement. *Id.* Consequently, we will consider the merits of Appellant's appellate issue. *Id.*

Appellant's sole contention on appeal is that "the trial court erred when it failed to suppress the evidence when the police officers had no reasonable suspicion to detain [Appellant] as an officer may not infer criminal activity without an objective basis for suspecting criminal activity." Appellant's Brief at 10.

> In reviewing the denial of a suppression motion, our role is to determine whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these

findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

***Commonwealth v. Yim***, 195 A.3d 922, 926 (Pa. Super. 2018) (citations and internal brackets omitted). Our scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing. ***Commonwealth v. Fulton***, 179 A.3d 475, 487 (Pa. 2018).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Edward J. Borkowski, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that question. ***See*** Trial Court Opinion, filed June 9, 2020, at 5–9 (based on the officers' training and experience, Appellant's presence in a high crime area, his immediate flight upon the presence of the police, and his recent prior gun arrest by the same officers, the requisite particularized and objective basis to suspect Appellant was engaged in criminal activity was met). Accordingly, we affirm on the basis of the trial court's opinion. The parties are instructed to attach the opinion of the trial court in any filings referencing this Court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/22/2021