J-A25043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RICHARD A. LEHMAN :
:
Appellant : No. 379 WDA 2021

Appeal from the Judgment of Sentence Entered February 2, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003613-2019

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:          **FILED: JUNE 13, 2022**

Before this Court is the application for remand filed by Appellant's appointed counsel, the Erie County Office of Public Defender ("Public Defender").  We remand for additional proceedings consistent with this judgment order.

We briefly address the procedural history of this matter.  Appellant entered a guilty plea to robbery[1] on October 28, 2020 and he was sentenced on February 2, 2021.  Appellant filed a timely post-sentence motion, which the trial court denied on February 17, 2021.  Appellant filed a notice of appeal on March 22, 2021.  The trial court then entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Rule

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(iv).

of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), within 21 days. Appellant filed a Rule 1925(b) statement with the trial court, albeit beyond the 21-day deadline imposed in the trial court's order.

The trial court filed a Rule 1925(a) opinion, finding waiver of Appellant's appellate issue on the grounds that his notice of appeal and Rule 1925(b) statement were both untimely; the trial court additionally found waiver on the basis that his concise statement was so vague that the court could not identify the issue that was being raised. Trial Court Opinion, 5/13/21, at 4-6.

We issued a prior memorandum decision in this matter on February 8, 2022. *See Commonwealth v. Lehman*, No. 379 WDA 2021, 2022 WL 366881 (Pa. Super. Feb. 8, 2022) (unpublished memorandum). We concluded that Appellant's notice of appeal was untimely but that his late appeal was excused based upon a breakdown in the court's operations as the order denying Appellant's post-sentence motion did not advise Appellant of his appeal rights. *Id.* at *1-2. However, we agreed with the trial court that Appellant waived his appellate issue based upon the untimeliness of the Rule 1925(b) statement. *Id.* at *2. Pursuant to *Commonwealth v. Burton*, 973 A.2d 428, 432-33 (Pa. Super. 2009) (*en banc*), we found that the untimely filed Rule 1925(b) statement constituted *per se* ineffective assistance of counsel. *Lehman*, 2022 WL 366881, at *2-3. Moreover, because the trial court was unable to discern the nature of Appellant's issue due to the vagueness of the untimely Rule 1925(b) statement, we determined that remand was necessary. *Id.* at *3. We therefore directed the trial court on

remand to appoint Appellant new counsel within 15 days and to then allow for the filing of another Rule 1925(b) statement and Rule 1925(a) opinion. ***Id.***

Following remand, on February 17, 2022, the trial court entered an order appointing the Public Defender as counsel for Appellant and directing the filing of a new Rule 1925(b) statement within 21 days. On May 26, 2022, the trial court issued a Rule 1925(a) opinion noting that a new 1925(b) statement had not been filed and no request for an extension of time to do so had been received as of that date. Therefore, the trial court found that Appellant had waived any appellate issues and returned the certified record to this Court.

On May 27, 2022, the Public Defender filed its application for remand indicating that it had no record of receipt of the trial court's February 17, 2022 order. The Public Defender requested that the case be again remanded to the trial court for appointment of new counsel from the list of contract counsel due to the Public Defender's representation of Appellant's co-defendant.

As in our prior determination in this matter, we conclude that the Public Defender was *per se* ineffective for failing to file a Rule 1925(b) statement on behalf of Appellant. **See Burton**, 973 A.2d at 432 ("The complete failure to file the [Rule] 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal."); **see also** Pa.R.A.P. 1925(c)(3). Moreover, as the trial court has not filed an opinion addressing the issues sought to be raised on appeal, we conclude that remand is necessary for the appointment

- 3 -

of new counsel, the filing of a statement *nunc pro tunc*, and the preparation of a new opinion by the trial court. Pa.R.A.P. 1925(c)(3).

Accordingly, we again remand this matter to the trial court to appoint new counsel for Appellant within 15 days of the date that the certified record is returned to the trial court. New counsel shall file a Rule 1925(b) statement with the trial court within 21 days of the date of appointment, unless extended by the trial court. The trial court shall file a supplemental Rule 1925(a) opinion, or a statement that no further opinion is necessary, within 30 days of the filing of the Rule 1925(b) statement. The trial court shall include the Rule 1925(b) statement and supplemental opinion, or statement that no further opinion is necessary, in the certified record.

Case remanded with instructions. Jurisdiction retained.