J-A04002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH C. SCALETTA, JR., | |
| Appellant | No. 134 WDA 2014 |

Appeal from the Judgment of Sentence November 4, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0009330-2012

BEFORE:  BOWES, OLSON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 20, 2015**

Joseph C. Scaletta, Jr., appeals from the judgment of sentence imposed by the trial court after he was found guilty of driving under the influence of alcohol ("DUI") highest rate and DUI general impairment as well as two summary traffic violations.  We affirm.

Appellant's sole issue relates to the trial court's failure to find the stop of his vehicle and his arrest illegal.  Accordingly, we set forth the facts outlined at Appellant's suppression hearing.  Shaler Township Police Officer Joshua Watkins was on routine patrol on May 20, 2012.  At approximately 10:40 p.m., he received a call regarding an alleged intoxicated driver traveling south on State Route 28.  To enter Route 28 from Shaler, a driver

_____

[*]  Retired Senior Judge assigned to the Superior Court.

must travel to either Etna or Millvale. Thus, Officer Watkins proceeded to the closest on-ramp, which happened to be the Etna ramp. Officer Watkins did not see any erratic driving and exited Route 28 at Millvale. He then turned around and re-entered Route 28 traveling northbound via the Millvale on-ramp.

At this point, Officer Watkins observed a silver Porsche Cayenne. That vehicle drifted between two lanes of traffic, straddled the middle white dotted line for an extended period, and twice changed lanes without using a turn signal. According to the officer, each of these violations occurred in Shaler on Route 28. Officer Watkins followed the Porsche as it exited into Etna since there is a small shoulder on Route 28 in this area, and he effectuated a traffic stop. Officer Watkins related that the Shaler portion of Route 28 is part of his regular patrol and that Pennsylvania State Police do not patrol that area of the road.

Appellant was the driver of the Porsche. Officer Watkins averred that Appellant had slurred speech and the odor of alcohol on his breath. Appellant denied drinking alcohol and refused to look at the officer while he asked him questions. Officer Watkins requested Appellant perform a portable breath test, which showed the presence of alcohol on Appellant's breath. As a result, Officer Watkins asked Appellant to exit the vehicle to perform field sobriety tests. Appellant was unsteady on his feet as he exited, requiring the vehicle to keep his balance. Appellant failed the field

sobriety tests and was placed under arrest. Subsequent breath testing revealed that Appellant had a blood alcohol content of .152 and .150 percent.

Thereafter, Appellant filed a motion to suppress, contending that Officer Watkins did not have jurisdiction to perform the traffic stop in question under the Municipal Police Jurisdiction Act ("MPJA"). The court conducted a suppression hearing on July 12, 2013, and permitted Appellant the opportunity to brief his arguments. On August 7, 2013, the court denied the motion. Appellant agreed to a stipulated non-jury trial on October 11, 2013. The court did not issue a decision immediately to permit Appellant and the Commonwealth to negotiate a possible Accelerated Rehabilitative Disposition plea. After negotiations proved unsuccessful, the court entered its verdict on November 4, 2013, finding Appellant guilty of the aforementioned DUI charges and two summary offenses.

Appellant waived a presentence report and agreed to be sentenced that same day. The court sentenced Appellant to a four-day DUI alternative program and six months of probation. Appellant timely filed a post-sentence motion and request for a hearing. The court denied the motion on December 24, 2013. This timely appeal ensued. The court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant did not timely comply, but filed a 1925(b) statement *nunc pro tunc* on April 1, 2014. The court authored its

opinion, and the matter is now ripe for our review. Appellant raises one contention on appeal.

I. Whether the trial court erred in denying Mr. Scaletta's motion to suppress where the stop of Mr. Scaletta's motor vehicle occurred outside of the arresting officer's primary jurisdiction, was without lawful authority, and was so intrusive as to warrant suppressing all evidence from such stop?

Appellant's brief at 5.

Preliminarily, we note that, although Appellant failed to timely file his concise statement, we do not find his issue waived. *See* Pa.R.A.P. 1925(c); *Commonwealth v. Burton*, 973 A.2d 428 (Pa.Super. 2009) (*en banc*). In evaluating a suppression ruling, we consider the evidence of the Commonwealth, as the prevailing party below, and any evidence of the defendant that is uncontradicted when examined in the context of the suppression record. *Commonwealth v. Sanders*, 42 A.3d 325, 330 (Pa.Super. 2012). This Court is bound by the factual findings of the suppression court where the record supports those findings and may only reverse when the legal conclusions drawn from those facts are in error. *Id*.

Appellant's challenge implicates the MPJA. That statute provides in relevant part:

**(a) General rule.--**Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:

- 4 -

. . . .

(2) Where the officer is in hot pursuit of any person for any offense which was committed, or which he has probable cause to believe was committed, within his primary jurisdiction and for which offense the officer continues in fresh pursuit of the person after the commission of the offense.

42 Pa.C.S. § 8953.

Appellant's initial argument is that because Officer Watkins could not enter Route 28 from Shaler, the section of Route 28 in Shaler Township was not his primary jurisdiction. This argument is frivolous.[1] The area of road in question was within Shaler Township. That police had to enter the roadway through another jurisdiction is irrelevant for purposes of primary jurisdiction. Appellant's first position is a *non-sequitur*. Shaler Township police, under the plain, ordinary, and obvious meaning of jurisdiction, have primary jurisdiction over Shaler Township territory. Indeed, the definition of "primary jurisdiction" contained in the MPJA is "[t]he geographical area within the territorial limits of a municipality or any lawful combination of municipalities which employs a municipal police officer[.]" 42 Pa.C.S. § 8951.

Appellant next submits that a 2012 agreement between Pennsylvania State Police and Shaler Township authorizing Shaler Township police to

---

[1] The Commonwealth contends that Appellant waived this aspect of his argument because he did not maintain this precise position below. We disagree. Appellant's argument below fairly encompassed the position he now makes on appeal.

enforce the speed limit on Route 28 demonstrates that Shaler police do not have primary jurisdiction over the portion of Route 28 located in Shaler. That agreement was entered one month after the stop in this matter. According to Appellant, "the only official business Ofc. Watkins could have on SR28 was enforcing speed restrictions." Since Appellant was not speeding, Appellant asserts that the stop in Etna was unlawful.

The Commonwealth begins by noting that the 2012 agreement in question relied upon by Appellant was not before the suppression court.[2] Appellant himself acknowledges as much in his brief, asserting that he did not obtain the information until after the suppression hearing. According to the Commonwealth, Appellant's position premised on the 2012 agreement is waived. While the 2012 agreement was not discussed, an earlier 1990 agreement, which is substantially the same, was utilized by Appellant. Appellant's arguments based on the 1990 agreement and the 2012 agreement are essentially identical. Thus, we decline to find his argument waived as to the 1990 agreement. Nonetheless, we find that Appellant

---

[2] Appellant attempted to introduce the document into evidence on the day the court entered its verdict. The Commonwealth objected, and the agreement was not introduced. However, the document is contained in the certified record on appeal. We add that we are aware that in *In re L.J.*, 79 A.3d 1073 (Pa. 2013), the Pennsylvania Supreme Court ruled that it is improper to consider evidence outside the scope of the suppression record. However, that decision occurred on October 30, 2013, after the suppression hearing in this matter, which transpired on July 12, 2013. The *In re L.J.* Court made its pronouncement prospective only.

misinterprets the relevance of the State Police agreement with Shaler Township.

First, the agreement in question does not control Shaler's primary jurisdiction. Second, Pennsylvania State Police are charged with enforcing speed restrictions on limited access and divided highways. Route 28 is such a roadway. However, 75 Pa.C.S. § 6109(a)(11) provides that Pennsylvania State Police may agree to relinquish such enforcement to municipal police for areas in the applicable municipality. Section 6109 provides that it "shall not be deemed to prevent the department on State-designated highways and local authorities on streets or highways within their physical boundaries from the reasonable exercise of their police powers."

Thus, the agreement at issue does not indicate that Shaler Township police do not have primary jurisdiction over the area of Route 28 for non-speeding violations. Rather, it authorizes Shaler police to conduct traffic stops for speeding in an area that the legislature had authorized Pennsylvania State Police to patrol for speeding. The testimony herein indicated that Appellant committed his traffic infractions within Shaler Township. Officer Watkins was in his primary jurisdiction at the time and had probable cause to stop Appellant. Officer Watkins was in fresh pursuit when he pulled over Appellant just outside of Shaler. Thus, the suppression court did not err.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2015