J. S17003/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES STYEN, | : | |
| | : | |
| Appellant | : | No. 2023 WDA 2013 |

Appeal from the PCRA Order December 2, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division No(s).: CP-02-CR-0017236-2009
CP-02-CR-0017244-2009
CP-02-CR-0017327-2009

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED MARCH 17, 2015**

Appellant, James Styen, appeals from the order entered in the Allegheny County Court of Common Pleas denying his first, timely Post Conviction Relief Act[1] ("PCRA") petition after a hearing. He avers the court erred in denying relief on his claim that counsel was ineffective for providing incorrect advice, which induced Appellant to enter an involuntary guilty plea. We affirm.

Appellant was charged at four dockets with robbery and related offenses for incidents that occurred over several days with two accomplices.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

On the day scheduled for trial, September 8, 2010, Appellant requested a postponement, stating he was not ready to proceed because his attorney, Thomas Farrell, Esq. ("Plea Counsel"), did not provide him all of the discovery he requested. N.T., 9/8/10, at 2. Appellant also did not speak with his counsel. *Id.* at 7. Plea Counsel stated he had spoken "extensively" with Appellant about the two more "serious cases"[2] and their possible defenses, and that he, counsel, was prepared to try the four cases. *Id.* at 6, 8. The court addressed Appellant, "You sound like you have been speaking to some jailhouse lawyers," and advised that his attorney could not file motions he believed, based on his training and experience, were frivolous. *Id.* at 3. Nevertheless, the court allowed Appellant extra time to discuss the cases with his attorney and consider his options. *Id.* at 9-10.

The following day, September 9, 2010, Appellant entered negotiated guilty pleas in three dockets, to three counts each of conspiracy,[3] robbery[4] and related offenses. The Commonwealth withdrew all charges at the fourth docket. We note Appellant was eighteen years old when he committed the

---

[2] The court stated that the two more serious cases involved mandatory five-year sentences. N.T., 9/8/10, at 6.

[3] 18 Pa.C.S. § 903(a).

[4] Appellant pleaded guilty to two counts of robbery/threatens another with or intentionally puts him in fear of immediate serious bodily injury and one count of robbery/physically takes or removes property by force however slight. *See* 18 Pa.C.S. § 3701(a)(1)(ii), (v).

underlying acts and nineteen years old at the time of the plea. The court immediately sentenced him according to the terms of the plea agreement, to an aggregate term of seven to fourteen years' incarceration. Appellant filed a post-sentence motion seeking withdrawal of his plea, and the court denied it.

On direct appeal to this Court, Appellant argued the trial court should have permitted him to withdraw his plea because "he lacked the 'adult experience' to intelligently enter his plea," "suffered from multiple medical diagnoses at the time," and "did not have the capability of understanding the consequences of his decision." *Commonwealth v. Styen*, 1664 WDA 2010 (unpublished memorandum at 6) (Pa. Super. Aug. 30, 2011). This Court denied relief and affirmed the judgment of sentence on August 30, 2011. On January 18, 2012, the Pennsylvania Supreme Court denied allowance of appeal.

On November 30, 2012, Appellant filed the instant *pro se*, timely PCRA petition.[5] The court appointed counsel to represent him.[6] On July 22, 2013, counsel filed an amended PCRA petition, averring Plea Counsel provided

---

[5] Appellant's judgment of sentence became final on April 17, 2012, when the ninety-day period for filing a writ of *certiorari* with the United States Supreme Court expired. *See* Sup. Ct. R. 13; 1 Pa.C.S. § 1908; 42 Pa.C.S. § 9545(b)(3). Appellant then generally had one year, or until April 17, 2013, to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1).

[6] The court appointed J. Richard Narvin, Esq., who continues to represent Appellant in this appeal.

ineffective assistance. Appellant alleged he had pleaded guilty only to obtain more time to present his defense and seek counsel who would argue his defense at trial, and that Plea Counsel advised him that he could withdraw his plea within ten days. The PCRA court held a hearing on November 15, 2013, at which Appellant, his parents and sister, and Plea Counsel testified. On December 2nd, the court entered the instant order denying relief. Appellant took this timely appeal.

Preliminarily, we consider Appellant's Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On January 6, 2014, the PCRA court directed Appellant to file a 1925(b) statement within twenty-one days, or by January 27th. Within the twenty-one days, Appellant sought an extension of time. On January 28th—one day after the initial deadline—the court granted an extension of thirty days, which we calculate to have expired on February 27th. The next filing in the record is Appellant's July 28, 2014 1925(b) statement. Neither the PCRA court nor the parties addressed the untimely 1925(b) statement.

Nevertheless, this Court has held that an attorney's untimely filing of a 1925(b) statement in a criminal case, which would result in waiver of all of a defendant's claims on appeal, is *per se* ineffectiveness for which the defendant is entitled to prompt relief. **Commonwealth v. Burton**, 973 A.2d 428, 432-33 (Pa. Super. 2009) (*en banc*). In such cases, "this Court may decide the appeal on the merits if the trial court had adequate

opportunity to prepare an opinion addressing the issues being raised on appeal. If the trial court did not have an adequate opportunity to do so, remand is proper." *Id.* at 433. In the instant case, the PCRA court has filed an opinion discussing Appellant's claim. Accordingly, remand is not necessary and we proceed to address Appellant's issue. ***See id.***

Appellant argues the PCRA court abused its discretion in holding Plea Counsel was not ineffective for giving inadequate and inaccurate advice. In support, he avers the following. On the day scheduled for trial, he "had difficulty understanding the proceedings," "did not wish to enter a guilty plea," and had asked Plea Counsel "to try to get another continuance." Appellant's Brief at 9, 10. However, Plea Counsel "was unwavering in his desire to try his case" and "disagreement over how to proceed created tensions." *Id.* At the PCRA hearing, Appellant's parents and sister all testified Plea Counsel told them Appellant's "only choice" was to plead guilty, he "would be able to withdraw his guilty plea within 10 days," and "that a [subsequent] motion to withdraw his guilty plea could be used as a postponement." *Id.* at 9, 11. This assurance "was the sole reason" Appellant agreed to plead guilty. *Id.* at 11. In the instant appeal, Appellant acknowledges Plea Counsel's denial that he gave the above advice. However, Appellant reiterates that his family members all testified that Plea Counsel did. Appellant also avers that "[a]lthough the written and oral guilty plea colloquies indicated [he] was satisfied with" Plea Counsel, he

indeed "was not, but believed that he had no voice to express this." ***Id.*** at 18. Appellant concludes that counsel had no reasonable, strategic basis for failing to provide accurate information. We find no relief is due.

This Court has stated:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations.
>
> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.
>
> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead

> guilty be knowingly, voluntarily, and intelligently made."
> Moreover, with regard to the prejudice prong, where an
> appellant has entered a guilty plea, the appellant must
> demonstrate "it is reasonably probable that, but for
> counsel's errors, he would not have pleaded guilty and
> would have gone to trial."

***Commonwealth v. Timchak***, 69 A.3d 765, 769-70 (Pa. Super. 2013)

(citations omitted).

In the instant matter, the PCRA court specifically found the testimony of Plea Counsel at the termination hearing credible and that the record did not support Appellant's assertion that counsel advised him he could use the plea process to obtain a postponement. PCRA Ct. Op., 10/16/14, at 4.

Our review of the PCRA hearing transcript reveals that Plea Counsel testified to the following on direct examination by Appellant's PCRA counsel. Plea Counsel recalled that Appellant "really didn't want to go to trial," but also "didn't want to plead guilty" and "didn't like the fact that he was going to be sentenced." N.T., 11/15/13, at 31-32. Instead, all that Appellant "wanted to do was delay." *Id.* at 31. Plea Counsel found Appellant "was a difficult client" and "[w]hatever the eventual outcome was, he didn't want" it. *Id.* at 34. Counsel believed the case "was a simple case," he "had gone through the discovery multiple times" and talked to Appellant "fully about the cases," and there was nothing more to review, and advised Appellant, "This is not going to go away." *Id.* at 31, 33, 34. Plea Counsel had negotiated with the Commonwealth to a seven to fourteen-year sentence. *Id.* at 35. However, Appellant only agreed to a sentence of six and a half to

thirteen years. *Id.* The Commonwealth responded, "You know what, forget it. Let's just go to trial." *Id.* Plea Counsel informed Appellant that the plea "was the best [he] could do," and Appellant ultimately accepted it. *Id.*

On cross-examination by the Commonwealth, Plea Counsel testified to the following. He specifically denied telling Appellant he could withdraw his plea within ten days, obtain a new attorney, and go to trial, and denied telling him he was not prepared to go to trial. *Id.* at 38, 42. At the time, Plea Counsel believed Appellant had the following options. He could enter an open plea and thus be exposed to, in Plea Counsel's estimation, two mandatory five-year sentences that would run consecutively. Appellant could also proceed to a nonjury trial, in which Appellant would lose any advantage he would have had in accepting responsibility. *Id.* at 39-40. Additionally, Appellant could proceed to a jury trial, but two of the robberies were "very, very serious" as they involved guns, and Appellant was identified in both robberies as having and using the gun, and in the second robbery "was caught red-handed by the police."[7] *Id.* at 40. Additionally, at court Plea Counsel saw Appellant's co-defendant, a young woman, who was "dressed up and looked real nice" with her attorney; Plea Counsel believed she would be testifying against Appellant. *Id.* at 41. Furthermore, although

---

[7] Plea Counsel testified that Appellant was "a heavyset white kid" and his accomplices were a white female juvenile and a black man. N.T. at 40. "Everybody described the guy with the gun as being the fat white kid, not the black man, not the girl." *Id.*

the trial judge "may have known [Appellant] had a juvenile record, . . . she didn't know all of the . . kind[s] of problems that he had. We didn't want a presentence report. It was a scary, scary, scary situation." *Id.* at 45-46. Plea Counsel explained all of this and it was Appellant's decision to forgo a jury trial and plead guilty. *Id.* However, had Appellant wished to go to trial, counsel was prepared. *Id.* at 42.

Plea Counsel also testified to a discussion he had with Appellant "in the bullpen." *Id.* at 43. Appellant "wanted to plead guilty and . . . simply withdraw his guilty plea at a later date," and his parents also believed he could do this. *Id.* at 43-44. Counsel advised, "'[T]hat will never happen. You will never get your plea withdrawn. So either go to trial and we'll take a shot at it and see if we can win it, or plead out, but we're not playing a game." *Id.* Appellant "was satisfied with that" and Plea Counsel "was satisfied he understood that." *Id.* at 44. Counsel added that he had explained he could file a motion to withdraw the plea, but they had "more chances of winning the lottery than to have that reversed." *Id.* Plea Counsel testified, "I tried to make it clear to [Appellant's] mother, but she wanted to hear what she wanted to hear." *Id.*

On appeal, although Appellant argues Plea Counsel's testimony was contrary to his and his family's testimony, Appellant does not address the PCRA court's specific finding that Plea Counsel was credible. As stated above, "the PCRA court's credibility determinations are binding on this Court,

where there is record support for those determinations." ***Timchak***, 69 A.3d at 769.  After reviewing the entire PCRA hearing transcript and the record, we find no abuse of discretion in the PCRA court's finding that Plea Counsel had not advised Appellant that he could, as a tactic to obtain another postponement, plead guilty and then withdraw the plea within ten days. Appellant thus did not establish his underlying claim had arguable merit, and we agree no relief is due on his claim of counsel's ineffective assistance. ***See id.***

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2015