J-A20001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN C. SOSA, | |
| Appellant | No. 195 EDA 2014 |

Appeal from the Judgment of Sentence December 9, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006214-2012

BEFORE:  DONOHUE, SHOGAN, and WECHT, JJ.

CONCURRING AND DISSENTING MEMORANDUM BY SHOGAN, J.:

**FILED SEPTEMBER 28, 2015**

I respectfully concur in the result only.  In my opinion, the Majority interprets the ineffectiveness *per se* analysis from **Commonwealth v. Burton**, 973 A.2d 428 (Pa. Super. 2009) too broadly.  While **Burton** included both the complete failure to file a Pa.R.A.P. 1925(b) statement and the untimely filing of a Pa.R.A.P. 1925(b) statement as instances of *per se* ineffectiveness, in the case at bar, we are not faced with either of those scenarios.

Here, Appellant properly filed a timely Pa.R.A.P. 1925(b) statement and then improperly filed a supplemental Pa.R.A.P. 1925(b) statement.  **See Commonwealth v. Woods**, 909 A.2d 372, 377-378 (Pa. Super. 2013) (stating that an appellant seeking additional time to file supplemental

1

Pa.R.A.P. 1925(b) statement must timely file a separate petition for an extension of time, set forth good cause for that extension, and obtain an order granting the request before any issues raised in an untimely supplemental statement will be preserved for appeal). I conclude that a timely-filed Pa.R.A.P. 1925(b) statement followed by an untimely-filed supplemental Pa.R.A.P. 1925(b) statement is not ineffectiveness *per se*. Rather it is merely a situation where an appellant failed to raise an issue in a timely Pa.R.A.P. 1925(b) statement. In such instances, there is no authority to expand the time in which to permit an appellant to raise additional issues when he or she has already filed a timely Pa.R.A.P. 1925(b) statement outside the dictates of **Woods**. Moreover, there is no authority labeling a timely-filed Pa.R.A.P. 1925(b) statement that is, in some respect, wanting, as ineffectiveness *per se*.

The Majority's interpretation abrogates **Woods**. It permits an appellant to expand the time in which to file a supplemental Pa.R.A.P. 1925(b) statement by merely requesting it in a timely Pa.R.A.P. 1925(b) statement. The Majority identifies the failure to properly obtain an order granting an extension as ineffectiveness *per se* and causes this Court to address the untimely-raised issues. Because the Majority's interpretation is too expansive, I concur in the result only.