J. S30023/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSE ARGUELLES, | : | No. 1930 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, May 22, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0001107-2014

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED MAY 05, 2016**

Jose Arguelles appeals from the May 22, 2015 judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction of conspiracy to commit criminal trespass, criminal trespass, and attempted theft.[1]  We affirm.

The trial court provided the following factual history:

> On January 13, 2014, at around noon, Eric Hanratty was at his residence [] in Philadelphia. He heard a knock on the front door while he was on the second floor of his home.  Mr. Hanratty looked out a front window and saw two men he did not recognize at his door.  One of these two men was later identified as [a]ppellant.
>
> When nobody answered the door, [a]ppellant walked across the street while the second man

---

[1] 18 Pa.C.S.A. §§ 903(c), 3503(a)(1), 901(a), respectively.  Appellant was charged with, and acquitted of, attempted burglary, 18 Pa.C.S.A. § 901(a).

(identified at trial as "Rivera") jumped over a fence and walked around the side of the house. When he saw Rivera moving towards the back of the house, Mr. Hanratty called 9-1-1.

From upstairs, Mr. Hanratty could hear noise and saw Rivera attempting to pry open a first-floor window with a shovel. While Rivera was attempting to open the window, [a]ppellant was observed walking around the block and "spotting." Mr. Hanratty observed [a]ppellant circling the block and looking around.

Mr. Hanratty went downstairs and called out that he had called the police. Upon hearing Mr. Hanratty, Rivera abandoned the shovel and hopped back over the fence. When Rivera left, [a]ppellant went with him and they walked away from the house together.

When police arrived about a minute later, Mr. Hanratty met Officer Macy, got into the marked police vehicle, and described the two men. Officer Macy then broadcast the description through his radio, and another officer responded that he saw two individuals matching the description. Officer Macy and Mr. Hanratty met with the other officer, and Mr. Hanratty identified the two males in custody as the individuals who had been at his house.

There was a stipulation at trial that Officer Macy, if called to testify, would state that he responded to the 9-1-1 call at [Mr. Hanratty's residence]. He would also testify that he recovered a shovel from the yard. Mr. Hanratty testified that the window frame and weather sealing were damaged from where Rivera had attempted to pry the window open. He also testified that neither individual had permission to be on his property or to enter his home.

Trial court opinion, 10/15/15 at 2-3 (citations omitted).

Following a bench trial, the trial court convicted appellant of conspiracy to commit criminal trespass, criminal trespass, and attempted theft on May 22, 2015. That same day, the trial court sentenced appellant to 11½ months to 23 months' imprisonment to be followed by two years' probation. Appellant received credit for time served and was paroled immediately. On June 22, 2015, appellant filed a timely notice of appeal.[2] The trial court ordered appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) on June 25, 2015, and appellant complied on August 5, 2015.[3] On October 15, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue on appeal:

> Whether the Weight of the Evidence consisting of [a]ppellant's conduct supports the Court's Verdict convicting [appellant] of Conspiracy and Attempted Burglary[?]

Appellant's brief at 7.[4]

---

[2] June 21, 2015, was a Sunday. Therefore, appellant's filing deadline was extended to the next business day, which was June 22, 2015. **See** 1 Pa.C.S.A. § 1908.

[3] Appellant's Rule 1925 statement was not timely, however, we are permitted to decide this case on its merits because the trial court was able to prepare an opinion addressing the issues appellant raised on appeal. **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa.Super. 2009) (**en banc**).

[4] We note, curiously, that appellant has asked this court to review the weight of the evidence of the attempted burglary charge--of which appellant was acquitted.

J. S30023/16

Before we may review appellant's claim on its merits, we are first compelled to determine whether appellant has met his procedural obligations in bringing a weight of the evidence claim.

> Pennsylvania Rule of Criminal Procedure 607 states, in relevant part, that "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial" in a written or oral motion before the court prior to sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607(a)(1)-(3). Moreover, the comment to the rule clearly establishes that "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P. 607, comment. Failure to challenge the weight of the evidence presented at trial in an oral or written motion prior to sentencing or in a post-sentence motion will result in waiver of the claim. ***Commonwealth v. Bond***, 604 Pa. 1, 985 A.2d 810, 820 (2009).

***Commonwealth v. Bryant***, 57 A.3d 191, 196 (Pa.Super. 2012).

A careful review of the record indicates that appellant failed to raise a motion for a new trial with the trial court on the grounds that the verdict was against the weight of the evidence. Accordingly, pursuant to Pa.R.Crim.P. 607, we find that appellant's sole issue on appeal has been waived.

Judgment of sentence affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2016