J-S49022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TROY LOWELL SCHOFFLER | |
| Appellant | No. 2611 EDA 2015 |

Appeal from the Judgment of Sentence July 7, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003521-2013

BEFORE:  PANELLA, OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 29, 2016**

Appellant, Troy Lowell Schoffler, appeals from the judgment of sentence entered on July 7, 2015, following his guilty pleas to acquisition of a controlled substance by misrepresentation, fraud or forgery and criminal conspiracy.[1]  Upon review, we affirm.

The trial court summarized the facts and procedural history of this case as follows:

> The charges stemmed from [A]ppellant's creati[on] of fraudulent prescriptions between January 1, 2008[] and December 17, 2009.  He gave these [prescriptions] to several co-defendants who used them to illegally obtain Oxycontin, Xanax, Methadone and Adderall from pharmacies in various Pennsylvania counties.  Some of the controlled substances obtained with the fraudulent prescriptions were

---

[1]  35 P.S. § 780-113(a)(12) and 18 Pa.C.S.A. § 903, respectively.

*Former Justice specially assigned to the Superior Court.

given by the co-defendants to [A]ppellant for his own use and the rest were kept or sold by the co-defendants.

At [a hearing on] February 6, 2015,[] [A]ppellant and the Commonwealth entered a plea bargain which was accepted by the [trial] court. Under the plea bargain, [A]ppellant agreed to enter guilty pleas to [the aforementioned crimes]. The sentences could not exceed the low end of the standard range of the sentencing guidelines and they had to be run concurrently. The Commonwealth agreed to withdraw all of the remaining counts in the [criminal] information. A major consideration in the Commonwealth's [agreement of] entering this plea bargain[,] and the [trial] court's acceptance of it[,] was [A]ppellant's cooperation as a trial witness in the prosecution of Doctor David Daley in Lehigh County[.]

On July 2, 2015, the [trial] court received a letter from [A]ppellant stating that he wished to withdraw his guilty pleas. [The trial court] treated this letter as a formal motion. On July 7, 2015, [the trial court] conducted a hearing. In support of the motion, [A]ppellant claimed he was innocent of the charges. In light of [A]ppellant's testimony in the Daley case and his admissions with his guilty pleas, [the trial court] found his claim of innocence to be false. [The trial court] denied [A]ppellant's motion to withdraw his guilty pleas and proceeded to sentencing. [The trial court sentenced Appellant to three to eight years of imprisonment on each charge.] The sentences were within the mitigated range of the [sentencing] guidelines. [The trial court] ordered that the two sentences run concurrently so that [A]ppellant's aggregate sentence was state confinement for not less than three years to not more than eight years [of incarceration]. The sentences conformed to the plea bargain.

On July 15, 2015, [A]ppellant filed a post-sentence motion to modify his sentences which [the trial court] denied by order filed on July 22, 2015. In the July 22 order, [the trial court] also granted a motion filed by [A]ppellant's trial

counsel [] to withdraw from his representation of [A]ppellant.

Trial Court Opinion, 11/30/15, at 2-3. This timely appeal resulted.[2]

Appellant raises one claim for appellate review:

1. Whether the [trial] court erred when it denied [Appellant's] pre-sentence motion to withdraw his guilty plea?

Appellant's Brief at 6.

_____

[2] On August 4, 2015, Appellant filed a *pro se* notice of appeal. Appellant requested representation and, after a showing of indigence, the trial court appointed the Lehigh Public Defender to represent Appellant on appeal. In October 2015, the Lehigh Public Defender filed a petition to withdraw because it had a conflict of interest arising from its representation of one of Appellant's co-defendants. On October 15, 2015, the trial court allowed the Lehigh Public Defender to withdraw and appointed Robert E. Sletvold, Esquire to represent Appellant. On October 19, 2015, the trial court ordered Attorney Sletvold to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel did not file a timely Rule 1925(b) statement. Thereafter, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 30, 2015. Initially, the trial court found Appellant waived all issues for failing to comply with Rule 1925. The trial court then recognized that a defense attorney's failure to comply with Rule 1925 may constitute *per se* ineffectiveness warranting a remand for further proceedings. Accordingly, the trial court's opinion went on "to state [its] reason for denying [A]ppellant's motion to withdraw his guilty pleas." Trial Court Opinion, 11/30/15, at 4. On December 9, 2015, Attorney Sletvold filed an application for an extension of time and a corresponding Rule 1925(b) statement contending "[t]he trial court erred when it denied [Appellant's] pre-sentence motion to withdraw his guilty plea." Rule 1925(b) Statement, 12/9/15, at 1 (unpaginated). "[I]f there has been an untimely filing [of a Rule 1925(b) statement], this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." **See Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*), *citing* Pa.R.A.P. 1925(c)(3). Here, there is a Rule 1925(a) opinion addressing the merits of the untimely Rule 1925(b) statement, thus we will decide this appeal on its merits.

Appellant argues that the trial court abused its discretion in denying his request to withdraw his guilty pleas prior to sentencing. *Id.* at 10-12. He claims that although there is no absolute right to withdraw a guilty plea, a request to do so before sentencing should be liberally allowed for any fair and just reason. *Id.* at 10. Appellant maintains that "[h]e asserted his innocence, he described being pressured by a previous prosecutor into taking responsibility for charges for someone else and asking his attorney many times to withdraw [the plea]." *Id.* at 11. Furthermore, Appellant asserts that the Commonwealth would suffer no prejudice if the trial court granted his request. *Id.*

The standard of review that we employ in challenges to a trial court's decision regarding a presentence motion to withdraw a guilty plea is well-settled:

> A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any fair and just reasons for withdrawing his plea absent substantial prejudice to the Commonwealth. In its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence. Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed. […] The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution. […O]ur Supreme Court [has] instructed that in determining whether to grant a presentence motion

- 4 -

for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice.

***Commonwealth v. Elia***, 83 A.3d 254, 261–262 (Pa. Super. 2013) (internal quotations and citations omitted).

Our Supreme Court has determined, however, that a mere assertion of innocence, by itself, will not suffice to withdraw a guilty plea concluding,

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1292 (Pa. 2015).

In this case, the trial court determined that Appellant "merely asserted his innocence without offering any facts or arguments to support this claim." Trial Court Opinion, 11/30/15, at 4. In addition, the trial court found "Appellant's claim of innocence was undercut when he testified during Doctor Daley's trial[.]" ***Id.*** More specifically, the trial court noted that at Dr. Daley's trial, over which the trial court also preceded, Appellant "under oath[,] told the jury, [] told everybody in the courtroom, [] told [the trial court] how [Appellant was] involved up to [his] ears in forging these prescriptions and in this whole scheme." N.T., 7/7/15, at 10. Thus, the trial court ultimately determined Appellant offered no plausible reason to support

his assertion of innocence and denied Appellant's motion to withdraw his guilty plea. *Id.* at 5.

Upon review of the record, we agree and discern no abuse of discretion in denying Appellant's motion to withdraw his guilty pleas. Appellant's assertion of innocence was simply not plausible in light of his culpable admissions when testifying against a co-defendant. Under those circumstances, Appellant failed to make a colorable demonstration that permitting withdrawal of his plea would promote fairness and justice. Hence, Appellant was not entitled to relief and his sole appellate issue is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2016