J-S25028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IVAN SOTOLONGO, JR., | |
| Appellant | No. 2292 EDA 2016 |

Appeal from the Judgment of Sentence Entered June 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010422-2015

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E. {2017}

CONCURRING STATEMENT BY BENDER, P.J.E.:          **FILED JULY 18, 2017**

I agree with the Majority's decision to affirm Appellant's judgment of sentence.  I write separately, however, to point out that Pa.R.A.P. 1925(c)(3) directs that, "[i]f an appellant in a criminal case was ordered to file a [Rule 1925(b)] Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge."  Pa.R.A.P. 1925(c)(3). Here, I would conclude that current counsel's untimely-filing of Appellant's Rule 1925(b) statement constituted *per se* ineffectiveness.  Nevertheless, I would not remand, as the trial court addresses in its Rule 1925(a) opinion Appellant's challenge to the sufficiency of the evidence to sustain his conviction for possession with intent to deliver a controlled substance

(PWID). *See Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (holding that "if there has been an untimely filing [of a Pa.R.A.P. 1925(b) statement], this Court may decide the appeal on the merits where the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

Specifically, the trial court initially concludes (and the Majority agrees) that Appellant has waived his sufficiency claim based on his non-specific presentation of that issue in his Rule 1925(b) statement. *See* Trial Court Opinion (TCO), 10/5/16, at 10-11. While I recognize that in most cases, a boilerplate sufficiency claim does waive the issue for appellate review, I would not find waiver in this relatively straightforward case. The trial court provided an alternative analysis in which it concisely assessed the evidence that supported Appellant's convictions, and rejected the obvious arguments he could (and does) raise on appeal (*i.e.*, that he did not conspire with the individuals who were dealing drugs, he did not possess any narcotics, and he was merely present at the scene). *See id.* at 11-15. I agree with the trial court's analysis. Therefore, I would not find waiver in this case, but I would instead affirm Appellant's judgment of sentence based on the fact that his sufficiency challenge is meritless.