J-A11009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| OTIS ADAM THOMAS III | |
| Appellant | No. 1092 MDA 2017 |

Appeal from the Judgment of Sentence imposed May 17, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0005913-2015

BEFORE: STABILE, J., NICHOLS, J., and PLATT, J.*

MEMORANDUM BY STABILE, J.:             **FILED SEPTEMBER 18, 2018**

Appellant, Otis Adam Thomas III, appeals from his judgment of sentence of 48—96 months' imprisonment for unlawful contact with a minor, indecent assault of a child and corruption of minors.[1] We remand for the filing of a Pa.R.A.P. 1925(a) opinion that addresses the issues raised in Appellant's untimely Pa.R.A.P. 1925(b) statement of matters complained of on appeal.

On February 13, 2017, the jury found Appellant guilty of the above offenses. On May 17, 2017, the trial court imposed sentence. On May 19, 2017, Appellant filed timely post-sentence motions challenging, *inter alia*, the weight of the evidence presented at trial. In an order dated June 6, 2017, the

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6318, 3126, and 6301, respectively.

trial court denied the post-sentence motions. The docket states, however, that the order was "dist." (distributed) on June 7, 2017. The docket states erroneously that Appellant filed a notice of appeal on July 11, 2017. In fact, the time stamp on the notice of appeal demonstrates that Appellant filed it on July 7, 2017.

On July 14, 2017, the trial court ordered Appellant to file a Rule 1925 statement within the next 21 days. Appellant, however, did not file a Rule 1925 statement until October 11, 2017. On October 16, 2017, Appellant's attorney filed a petition for leave to submit a Rule 1925 statement *nunc pro tunc*. Counsel stated that he had drafted a Rule 1925 statement but admitted that his staff failed to file it. On October 17, 2017, without ruling on Appellant's petition, the trial court issued a Rule 1925(a) opinion recommending dismissal of Appellant's appeal for lack of a timely Rule 1925(b) statement. The trial court did not address the merits of any issue in Appellant's Rule 1925(b) statement.

Appellant raises the following issues on appeal:

A. Did the trial court err by denying the defense request for an *in camera* review and the disclosure of relevant diagnoses, opinions, evaluations, observations, and treatment plans that were not confidential communications protected from disclosure by 42 Pa.C.S.A. § 5944[?]

B. Did the trial court err in denying [A]ppellant's motion for a new trial when the jury's verdict was against the weight of the evidence because the Commonwealth failed to meet its burden to sustain the alleged charges?

C. Did the trial court abuse its discretion when it imposed consecutive sentences where [A]ppellant's conduct was limited to a single incident and not so egregious as to warrant a four to eight (4-8) year sentence?

D. Did the trial court err in denying [A]ppellant's request to submit a concise statement of matters *nunc pro tunc*?

Appellant's Brief at 9.

The Commonwealth requests that we quash this appeal as untimely filed more than thirty days after the order denying post-sentence motions. We decline to do so. The thirty-day appeal period began to run on June 7, 2017, the date the Clerk of Court distributed the order to the parties. Pa.R.A.P. 108(a)(1) ("in computing any period of time under these rules involving the date of entry of an order by a court . . . the day of entry shall be the day the clerk of the court . . . mails or delivers copies of the order to the parties); Pa.R.A.P. 108(d)(1) (Rule 108(a)(1) shall apply except in circumstances not relevant here). The timestamp on the notice of appeal indicates that Appellant filed it on July 7, 2017, within the appeal period.

We next address the proper remedy for the untimely filing of Appellant's Rule 1925(b) statement. The Rules of Appellate Procedure prescribe: "If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3). In **Commonwealth v. Burton**, 973 A.2d 428 (Pa.

Super. 2009), this Court held that when counsel files a Rule 1925(b) statement beyond the court-ordered deadline, the proper remedy is the remand procedure provided in Rule 1925(c)(3). *Id.* at 431. We reasoned:

> The complete failure to file the 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Likewise, the untimely filing is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Thus[,] untimely filing of the 1925 concise statement is the equivalent of a complete failure to file. Both are *per se* ineffectiveness of counsel from which appellants are entitled to the same prompt relief.
>
> The view that Rule 1925(c)(3) does not apply to untimely 1925 concise statements would produce paradoxical results. The attorney who abandons his client by failing to file a 1925 concise statement would do less of a disservice to the client than the attorney who files a 1925 concise statement beyond the deadline for filing.

*Id.* at 432–33.

Based on Rule 1925(c)(3) and **Burton**, we remand the certified record to the trial court with directions to accept Appellant's Rule 1925(b) statement *nunc pro tunc* and to file a Rule 1925(a) opinion addressing the issues in Appellant's statement[2] within thirty days of the date of this memorandum. To assist the trial court in this task, we direct the Clerk of this Court to transmit

---

[2] Appellant's Rule 1925(b) statement appears to be identical in substance to the issues raised in Appellant's appellate brief.

the parties' appellate briefs and Appellant's reproduced record to the trial court along with the certified record.[3]

Case remanded for further proceedings in accordance with this memorandum. Jurisdiction retained.

---

[3] In a footnote, the trial court stated: "As to [Appellant's] claim that the jury's verdict was against the weight of the evidence, [Appellant] made no request for preparation of the trial transcript. Because no transcript appears as a matter of record, it would be impossible for the trial court or the Superior Court to review the claim." Trial Ct. Op. at 3 n.2. We refer the trial court to the complete trial and sentencing transcripts in Appellant's reproduced record, and we direct the trial court to incorporate these transcripts into the certified record pursuant to Pa.R.A.P. 1926.