J-S38013-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| IN THE INTEREST OF: R.G. | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| APPEAL OF:  R.G. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | No. 1050 WDA 2017 |

Appeal from the Order Entered June 27, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-JV-1945-2016

BEFORE:   BOWES, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                        FILED JANUARY 02, 2019

R.G. appeals the June 27, 2017 disposition order placing him in a residential education facility after he was adjudicated delinquent for acts that constitute robbery and simple assault.  We remand the case to the trial court for the preparation of an amended Rule 1925(a) opinion.

On May 18, 2017, R.G. was adjudicated delinquent for the commission of robbery and simple assault.  The adjudication stems from R.G.'s attempt to steal a purse, cellular telephone, and shopping bags from Mara Pasko while she was trying to enter her car on June 11, 2016.  During the assault, R.G. punched the victim in the face, causing her to fall to the ground.  She suffered a black eye and abrasions on her hip, legs, and knees.  On June 27, 2017, the trial court entered a dispositional order placing R.G. in the Glen Mills School, a secure residential education facility.

_____
*   Retired Senior Judge assigned to the Superior Court.

R.G. timely filed a counseled appeal, but despite an extension of time, he failed to comply with the juvenile court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 3, 2017, the trial court entered an opinion pursuant to Pa.R.A.P. 1925(a), in which it stated that, since R.G. failed to timely file and serve his Rule 1925(b) statement, he waived his issues on appeal. On this basis, the trial court declined to address the merits of the arguments that R.G. leveled in his untimely Rule 1925(b) statement.

R.G. restates those issues on appeal as follows:

1. Whether the trial court violated R.G.'s constitutional confrontation right under the Sixth Amendment of the United States Constitution and Article I, § 9 of the Pennsylvania Constitution and/or R.G.'s right to a fair trial under the Due Process Clauses of the United States and Pennsylvania Constitutions when it allowed Officer Kalieb Hines to testify despite his sworn testimony that the sole police report he authored in this matter, the only one in which his version of events appeared, was unable to be located, thereby foreclosing the possibility of any pretrial investigation and meaningful cross-examination of him by counsel at trial.

II. Whether the trial court violated R.G.'s right to a fair trial under the Due Process Clause of the United States and Pennsylvania Constitutions when it allowed the 911 call of the complainant to be played, pursuant to Pennsylvania Rule of Evidence 803(1), as a present sense impression after the Commonwealth failed to lay a sufficient foundation for its admission.

III. Whether the Commonwealth made an impermissible burden – shifting argument in its closing when it commented on defenses [sic] counsel's failure to elicit evidence on cross-examination.

Appellant's brief at 7-8.

- 2 -

At the outset, we must confront whether R.G.'s issues are waived as a result of his failure to file a timely Rule 1925(b) statement. While R.G.'s brief neglects to address the question of waiver, the Commonwealth requests that we quash the appeal due to R.G.'s procedural misstep. For the following reasons, we reject the Commonwealth's entreaty and remand the case for the preparation of an amended Rule 1925(a) opinion.

Pennsylvania Rule of Appellate Procedure 1925(c)(3) provides,

If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). In Commonwealth v. Burton, 973 A.2d 428 (Pa.Super. 2009) (en banc), we extended the principle of per se ineffectiveness to cases involving the late filing of a Rule 1925(b) statement. We reasoned,

The complete failure to file the 1925[(b)] concise statement is per se ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Likewise, the untimely filing is per se ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Thus untimely filing of the 1925[(b)] concise statement is the equivalent of a complete failure to file. Both are per se ineffectiveness of counsel from which appellants are entitled to the same prompt relief.

Id. at 432-33.

Thus, where, as here, a counseled appellant files a late Rule 1925(b) statement, and the trial court opinion did not address the merits of the issues

raised therein, the appropriate remedy is to remand the matter to the trial court for the preparation of an amended Rule 1925(a) opinion.  See id. at 433.  While Rule 1925(c)(3) specifically references "an appellant in a criminal case," we find that the foundational right to counsel that triggers the rule's application in criminal cases relates equally to an adjudication of delinquency for the commission of acts that would constitute criminal offenses if committed by an adult.  Cf. Commonwealth v. Presley, 193A.3d 436 (Pa.Super. 2018) (extending Rule 1925(c)(3) to PCRA appeals, in part, based upon the right to counsel).

Accordingly, we remand this case to the trial court for the preparation of an amended Rule 1925(a) opinion addressing the merits of the issues that R.G. asserted in his untimely Rule 1925(b) statement.

Case remanded.  Jurisdiction retained.