J-A29044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHERYL A. CALIENTE | : | |
| | : | |
| Appellant | : | No. 140 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 3, 2019
In the Court of Common Pleas of Bradford County Criminal Division at
No: CP-08-CR-0000378-2019

BEFORE: DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.: **FILED APRIL 15, 2021**

Appellant, Cheryl A. Caliente, appeals from the aggregate judgment of sentence of 39 months' to 92 months' incarceration, which was imposed after her jury trial conviction for two counts of Retail Theft and two counts of Theft by Receiving Stolen Property.[1] We find that Appellate Counsel's failure to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) (Rule 1925(b) statement) constitutes ineffectiveness of counsel *per se*. Thus, we remand for additional proceedings consistent with this decision.

On December 3, 2019, the trial court sentenced Appellant to an aggregate sentence of 39 months' to 92 months' incarceration after her conviction at a jury trial of the charges listed above. Appellant filed a timely

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3929(a)(2) and 3925(1), respectively.

post-sentence motion, which the trial court denied on December 17, 2019. On January 15, 2020, Appellant filed a timely notice of appeal.

On January 21, 2020, the trial court filed an order pursuant to Pa.R.A.P. 1925, directing Appellant to file a Rule 1925(b) statement no later than 21 days from the date of the order. Rule 1925(b) Order, 1/21/20. Appellate Counsel failed to file a Rule 1925(b) statement. Appellate Counsel's failure to file a Rule 1925(b) statement when ordered to do so constitutes *per se* ineffectiveness of counsel. ***See Commonwealth v. Burton***, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*) ("The complete failure to file the 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal."). Pa.R.A.P. 1925(c)(3) states,

> If an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so or filed an untimely Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

We, therefore, remand this matter to the trial court to appoint new counsel for Appellant within 15 days of the date that the certified record is returned to the trial court. New counsel shall file a Rule 1925(b) statement with the trial court within 21 days of the date of appointment, unless extended by the trial court. The trial court shall file a supplemental 1925(a) opinion, or

a statement that no further opinion is necessary, within 30 days of the filing of the Rule 1925(b) statement.[2]  The trial court shall include the Rule 1925(b) statement and supplemental opinion, or statement that no further opinion is necessary, in the certified record.

Case remanded with instructions.  Jurisdiction retained.

---

[2] We note that the trial court did file a 1925(a) opinion which addressed the issues Appellant raised in her post-sentence motion.  As such, a new 1925(a) opinion may not be needed.