J-A21038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
ANTHONY JENNINGS   :
  :
Appellant   :   No. 2382 EDA 2022

Appeal from the Order Entered August 23, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0506581-2004

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:      **FILED FEBRUARY 08, 2024**

Appellant, Anthony Jennings, appeals from the trial court's August 23, 2022 order modifying the conditions of his probation. After careful review, we vacate and remand for further proceedings.

On October 28, 2004, Appellant was convicted, following a non-jury trial, of rape, involuntary deviate sexual intercourse, and other, related offenses. Appellant's convictions stemmed from his sexually assaulting a minor, female victim when she was between the ages of 9 and 11 years old. On April 24, 2007, Appellant was sentenced to an aggregate term of 8 to 16 years' incarceration, followed by 10 years' probation. He filed a timely direct appeal, and this Court affirmed his judgment of sentence on July 28, 2008. *See Commonwealth v. Jennings*, 959 A.2d 966 (Pa. Super. 2008) (unpublished memorandum).

Appellant served his maximum term of incarceration, and was released from custody on June 16, 2022, to begin serving his term of probation. **See** Appellant's Brief at 4; Commonwealth's Brief at 5. On August 5, 2022, the Pennsylvania Board of Probation and Parole (PBPP) requested a hearing pursuant to 42 Pa.C.S. § 9771(d) for the court "to consider imposing special probation conditions for sex offenders in addition to the general conditions that [Appellant] had previously acknowledged." Commonwealth's Brief at 5 (citation to the record omitted). Specifically, "[t]he requested conditions included requirements like participating in sex offender treatment, abstaining from any contact with minors, and abstaining from the possession or use of graphic sexual materials." **Id.** (citation to the record omitted).

The trial court conducted a hearing on the PBPP's request on August 23, 2022. There,

> it was elicited that[,] after [Appellant] was convicted of rape of a ten-year-old minor victim, [Appellant] served the maximum of his eight-to-sixteen-year incarceration term and was [then] only two months into the probation period. The PBPP's agent presented four pages of Standard Special and Optional Special Conditions of Probation in attempt to add/modify the conditions [of] the original sentencing order.

Trial Court Opinion (TCO), 2/6/23, at 2. Ultimately, the court entered an order on August 23, 2022, granting PBPP's motion to modify Appellant's conditions of probation.[1]

_____

[1] Upon our initial review of Appellant's appeal, we observed that there was no indication on the trial court's docket that the August 23, 2022 order modifying
*(Footnote Continued Next Page)*

- 2 -

On September 1, 2022, Appellant filed a post-sentence motion asking the court to reconsider its imposition of additional/modified conditions of his probation. The court denied that motion on September 7, 2022. On September 14, 2022, Appellant filed a timely notice of appeal. Appellant also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[2] The court filed a Rule 1925(a) opinion on February 6, 2023.

_____

conditions of probation was entered by the trial court. Accordingly, on December 5, 2022, this Court issued a rule to show cause why the appeal should not be quashed as having been taken from a purported order that was not entered upon the appropriate docket of the lower court. *See* Pa.R.A.P. 301(a)(1) ("Except as provided in subparagraph (2) of this paragraph, no order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court."). On December 6, 2022, the trial court entered an "Order Correcting Docket," which corrected the trial court's docket to reflect that the "Order Granting Motion To Modify Conditions Of Probation" was to be entered on August 23, 2022. On December 6, 2022, the Office of Judicial Records in the trial court filed the "Order Granting Motion To Modify Conditions Of Probation," which is dated August 23, 2022. On December 8, 2022, Appellant filed a response to this Court's rule to show cause order, explaining this procedural history. On February 9, 2023, we entered an order informing the parties that the issue raised in the rule to show cause order will be referred to the merits panel. We now conclude that this appeal may proceed, as the August 23, 2022 order has been entered on the trial court's docket.

[2] We note that the trial court issued its Rule 1925(b) order on September 21, 2022, giving Appellant 21 days to file his concise statement. On September 30, 2022, Appellant filed a motion for an extension of time to file his Rule 1925(b) statement. It does not appear that the court ruled on that motion. On October 20, 2022, Appellant filed his concise statement. Although Appellant's Rule 1925(b) statement is technically untimely, as the court did not grant his motion for an extension of time to file it, we need not remand under Rule 1925(c)(3), as the trial court addressed Appellant's claims in its

*(Footnote Continued Next Page)*

Herein, Appellant states two issues for our review:

A. Did the trial court err and abuse its discretion by increasing the terms of Appellant's probation where the court failed to meet the requirements of 42 Pa.C.S. § 9771 and otherwise lacked authority to modify Appellant's sentence more than 30 days after sentencing?

B. Did the trial court err and abuse its discretion by delegating responsibility for setting the specific terms of Appellant's probation to the Parole Board?

Appellant's Brief at 3.

Appellant first argues the trial court erred by adding new conditions to his probation without complying with 42 Pa.C.S. § 9771. Specifically, he contends that the August 23, 2022 hearing conducted on the PBPP's request to modify his probation was inadequate to meet the requirements of that statute. The trial court and Commonwealth both candidly agree with Appellant. **See** TCO at 5; Commonwealth's Brief at 9-10. For the reasons that follow, so do we.

Where, as here, the expiration of the 30-day modification period set forth in 42 Pa.C.S. § 5505 has passed, a trial court may only modify a defendant's terms of probation pursuant to section 9771. That provisions states, in pertinent part:

(a) General Rule.-- The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions

_____

Rule 1925(a) opinion. **See Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) ("[I]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.").

under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety.

**(b) Revocation.--** The court may increase the conditions ... of probation upon proof of the violation of specified conditions of the probation.

\*\*\*

**(d) Hearing required.--** There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation.

42 Pa.C.S. § 9771.

Here, the trial court concedes in its Rule 1925(a) opinion that the hearing it held in this case did not meet the requirements of section 9771, explaining:

The legal basis for the PBPP to seek to increase or modify the terms of Appellant's probation would be for [the] PBPP to present evidence that … Appellant violated the specific conditions of his probation, or that Appellant presents an identifiable threat to public safety, or present evidence of the conduct of Appellant while on probation. *See* 42 Pa.C.S.[] § 9771. The PBPP did not present, or offer to present, any such evidence.

TCO at 5. The Commonwealth agrees with the trial court, recognizing that,

[a]lthough the [trial] court held the required hearing in this case, it failed to elicit any factual findings from [Appellant's] probation officer about his conduct while on probation that would have permitted [the court] to impose additional probationary conditions. For this reason, the sentencing order should be vacated and the case remanded to the [trial] court for an additional hearing about [Appellant's] compliance with probation.

Commonwealth's Brief at 8.

We agree with the parties and the court that the hearing in this case was inadequate to satisfy the requirements of section 9771. Accordingly, we vacate the August 23, 2022 order modifying the conditions of Appellant's probation, and remand for further proceedings.[3]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/8/2024

---

[3] Given our disposition, we need not address Appellant's second issue on appeal.